## Levi H. Focht *v.* David Rosenbaum, Owner or Reputed Owner, and David Rosenbaum, Contractor, Appellant.

*Contract—Building contract—Delay.*

A building contract provided that "no order for any change . . . . which affects the time of completion, shall be valid, unless given in writing;" and that the contractor should forfeit the sum of $10.00 for each day the work should remain unfinished after the time agreed upon for its completion "unless such delay could not with reasonable diligence and prudence have been avoided or foreseen" by the contractor. The owner gave a parol order to change a girder in the building, which was complied with. The contractor claimed that the change caused a delay in the completion of the building. *Held*, (1) that the right of the owner to compensation for the delay was not dependent upon the form of the order for the change which caused it, but upon the answer to the question whether the delay was in any way attributable to a want of diligence or foresight of the contractor, and this question was for the jury; (2) that the owner could not take advantage of his own fault or neglect in not reducing to writing the order to change the girder.

Argued March 4, 1896.    Appeal, No. 207, Jan. T., 1896, by defendant, from judgment of C. P. Berks Co., June T., 1894, No. 12, on verdict for plaintiff.    Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.    Affirmed.

Scire facias sur mechanic's lien.    Before ERMENTROUT, P. J.

At the trial it appeared that plaintiff contracted with defendant to build for him a four story store building, and to complete the building by December 1, 1892.    The building was not completed until March 15, 1894.    Plaintiff claimed that fifty-three days of the delay was caused by the defendant giving an oral order to change a girder in the building.    The contract contained among others the following provisions:

"Orders which do not affect the cost of the work may be

given by word of mouth, but no order for any change which increases or diminishes the cost of the work or affects the time of completion shall be valid unless given in writing."

" If the said party of the second part shall fail to complete the said work, including all variations, should such be made at or before the time agreed on with such extension, if any, in the case of extra work, as may have been made, then and in that case the said party of the second part shall forfeit and pay to the said party of the first part the sum of ten dollars ($10.00) for each and every day that the said work shall remain unfinished after the time agreed upon for their completion, unless such delay could not with reasonable diligence and prudence have been avoided or foreseen by the party of the second part, the sum so forfeited to be retained as liquidated and ascertained damages out of any money that may then be due or owing, or may hereafter become due or owing to the said party of the second part on account of their work and materials under this contract."

The court charged in part as follows :

In the agreement it is provided that " if the party of the second part," that is, Focht, " shall fail to complete the said work," etc., " at or before the time agreed on with such extension if any in the case of extra work as may have been made, then and in that case the said party of the second part shall forfeit and pay to the said party of the first part the sum of $10 for each and every day that the said work shall remain unfinished after the time agreed upon for their completion,"—(that is, he must pay $10.00 for each and every day,)—" unless the delay could not with reasonable diligence and prudence have been avoided or foreseen by the party of the second part." If that could not, with reasonable diligence and prudence, have been avoided or foreseen, then even though a delay did occur, the plaintiff would not be liable for these damages. Therefore the jury will ascertain, first, was there a delay, and, if so, how many days, and, second, has the plaintiff shown to your satisfaction that the delay could not, with reasonable diligence and prudence, have been avoided or foreseen by him. If the evidence shows that the delay could not, with reasonable diligence and prudence, have been avoided or foreseen, then the delay amounts

to nothing, the plaintiff is not responsible for it and no damages can be assessed. But, unless that is shown, then you will consider the number of days delay at $10.00 a day and make an allowance.

[Now, the delay being admitted, what is the contention of the plaintiff? His first contention is that on the 20th of July, 1893, there was a change in the girder. If the jury find from this evidence that Mr. Rosenbaum instructed Mr. Smith, the architect who drew up his plans, to have that girder changed, and if, as detailed in evidence here, it be true that this old girder, or, rather, the original girder which was to have gone in, was finished by July 20, 1893, and that, as the result of the request of Mr. Rosenbaum to change it, a new girder was not procured by him or under his instructions until September 13, 1893, the jury will consider what effect those fifty-three days which it required to change the girder may have had upon this work, and if that operated as a delay, then the plaintiff will have to show that that delay could not, with reasonable diligence and prudence, have been avoided or foreseen by him. The parties having contracted for the kind of girder set forth in the specifications, if it was the defendant's fault or request that the girder should be changed, and thereby the work was delayed, it could not have been avoided or foreseen by the contractor that the defendant would request to have the girder changed, and he cannot be held responsible for whatever delay in the completion of the contract such change caused.] [2]

We come next to the question of the detailed drawings. Under this contract Mr. Smith was employed by the defendant to furnish the specifications, and, whilst this contract is silent, it will be for the jury to find whether Mr. Rosenbaum undertook to furnish these detailed drawings. There is evidence to the effect that, whenever these detailed plans were required, Mr. Rosenbaum would go to the architect and they would be furnished by him. It is alleged by Mr. Eben, one of the workmen, that he was delayed some three weeks, or rather that he delayed the carpenters three weeks in the construction of this building because he had not these detailed plans, that he saw Mr. Rosenbaum, saw the different parties, and could not get them in time. Now, gentlemen, could Mr. Focht have foreseen that these detailed plans would not be produced in time to

enable his workmen to go on with their work, or not?   If the delay resulted from the nonproduction of these detailed plans in these several instances testified to by Mr. Eben, and if that delay could not, with reasonable diligence and prudence, have been avoided or foreseen by the parties, that delay being to the extent of three weeks' time, Mr. Focht would be excused from that delay.

Defendant's point was among others as follows:

3. The change of the girder in the building, although a variation from the original specifications, did not, under the provisions of the agreement, relieve the plaintiff of the damages sustained by reason of the noncompletion of the building specified in the agreement.  *Answer:* That point I will negative. I cannot affirm that proposition of the defendant. [1]

Verdict and judgment for plaintiff for $2,535.12.   Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Isaac Hiester, Henry C. G. Reber* with him, for appellant.

*Wm. Kerper Stevens, of Stevens & Stevens,* for appellee, cited, Cunningham v. Church, 159 Pa. 620; White v. School District, 159 Pa. 201.

OPINION BY MR. JUSTICE McCOLLUM, May 28, 1896:

The real and only question raised on this appeal is whether the learned court below erred in refusing to instruct the jury that the defendant was entitled to a deduction for the delay caused by the change of the girder.  That the defendant suggested to his architect and on consultation with him directed that the change should be made is undisputed, and that the delay for which he seeks compensation was caused by this change is a fact established by the verdict of the jury based on competent and sufficient evidence.   The sole ground on which he rests his claim for a deduction for the delay caused by the change is that the order or direction under which the change was made was not in writing.   It seems that his contention is that, although he gave the order which caused the delay in the completion of the building, he is entitled to compensation for

the delay so caused, because he neglected to comply with a provision in his own contract which required a written order for any change which affected the cost of the building or the time of its completion.   It is, in view of the conceded and established facts in the case, an unconscionable contention because it demands that the defendant shall be rewarded for his own fault, and that the plaintiff shall lose by it.   It may be that the plaintiff would have been justified in disregarding the order in the form in which it was given, but that his acquiescence in it would result in a reduction of the compensation which by the terms of his contract he was entitled to receive was certainly not foreseen or anticipated by him.   According to the defendant's construction of the contract, he might have given a verbal order for extra work which he knew would add at least a thousand dollars to the cost of the building; and, on the performance of the work by the plaintiff he might successfully resist the claim of the latter to compensation for it, on the ground that the order under which the work was done was invalid.   And on the same ground the defendant would be entitled to compensation for the delay which he knew must result from compliance with his verbal order for " a variation from the drawings."   But we need not note or consider at this time every possible phase of the injustice that might be perpetrated under his construction of the contract. It is enough for our present purpose to ascertain whether his construction is applicable to the facts of the case we are considering.   The defendant bases his claim for a deduction upon the last clause of the contract, and this provides that the plaintiff shall forfeit and pay to the defendant the sum of $10.00 for each day the work shall remain unfinished after the time agreed upon for its completion, " unless such delay could not with reasonable diligence and prudence have been avoided or foreseen " by him.   The right of the defendant to compensation for the delay was not dependent upon the form of the order for the change which caused it, but upon the answer to the question whether the delay was in anywise attributable to a want of diligence or foresight on the part of the plaintiff.   This question was for the jury upon the evidence.   It was submitted under instructions which properly placed upon the plaintiff the burden of showing that the delay in the completion of the building " could not with reasonable diligence and prudence have been

avoided or foreseen by him." This burden, or duty, he discharged to the satisfaction of the jury.

We think the learned court below correctly construcd the provision in the contract in reference to compensation for delay in the completion of the building. It was that provision which gave the damages for delay which the defendant claimed he was entitled to recover by way of set-off in this action.

The last sentence in the excerpt from the charge which is the subject of complaint in the second specification of error must be considered in connection with what precedes and follows it, and so considered it furnishes no ground for reversing the judgment.

The specifications of error are overruled and the judgment is affirmed.