## The Rockwell Manufacturing Company, Appellant, *v.* The Cambridge Springs Company.

*Affidavit of defense—Contract—Delay.*

In an action to recover the price of lumber an affidavit of defense is sufficient which avers that the defendant had suffered great loss and inconvenience in its business, by reason of delay in delivering the lumber within the time agreed upon, and that " on account of the lumber so to be delivered and the difficulty of finding such lumber in such large quantities, the defendant could not purchase such lumber and in such quantities from other parties and proceed with the finishing of the building, and was therefore compelled to wait on account of the delay caused by the neglect of the plaintiff to deliver the said lumber according to the contract."

*Affidavit of defense—Delay—Assessment of damages.*

Where an affidavit of defense to an action for lumber sold and delivered alleges damages resulting from delay in delivering the same, but inaccurately sets up the measure of damages, the court will apply the legal rule, if sufficient facts be stated to constitute a basis for the assessment of damages.

*Affidavit of defense—Defects in goods sold—Damages.*

In an action for the price of flooring, doors, paneling, etc., on agreement that they should be of " first quality as to material and workmanship," an affidavit of defense is sufficient which alleges damages in a specified sum, resulting from " defects in the material employed, in that the same was not properly seasoned, and by virtue thereof the same has shrunk so that the paneling is loose and joints opened, and this is the result as to much of the woodwork."

Argued April 25, 1899. Appeal, No. 413, Jan. T., 1898, by plaintiff, from order of C. P. Crawford Co., Nov. T., 1897, No. 5, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien, for flooring, doors, door frames, bases, window sides, casings, paneling, etc.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of THOMAS, P. J., which was as follows:

The mechanic's lien in this case is based upon an espistolary

contract, a copy of which is filed with the bill of particulars, together with a claim for " extras " amounting to the net sum of $1,521.03. October 11, 1897, a scire facias was issued thereon and an affidavit of defense was filed November 1, 1897, and on February 22, 1898, a supplemental affidavit of defense was filed in accordance with the rules of this court.

The entire damage resulting to defendant, as set up by the affidavit of defense, was from the fact that the plaintiff company failed to deliver the goods contracted for at the time agreed upon, and that by reason thereof the defendant company had suffered great loss and inconvenience in their business and the profits to be derived therefrom. It is strenuously urged by the plaintiff that these allegations are not sufficient to prevent judgment. It is true that our courts have regularly held that in cases of this nature the defendant cannot, after having accepted the goods contracted for, at a time later than that which the delivery was agreed upon, set up the said delay as a defense to plaintiff's recovery for the price thereof. The duty of defendant has been indicated to be to go into the market and secure his goods, and refuse to accept the ones formerly contracted for, when they arrive later than the time agreed upon.

If nothing more appeared in the affidavit of defense than what is above noted, we should certainly be obliged to hold that that was the duty of defendant in this case, and that in no event could it avail itself of this defense to the action; but by another paragraph of the original affidavit of defense we learn: " That on account of the lumber so to be delivered and the difficulty of finding such lumber in such large quantities, the defendant could not purchase such lumber and in such quantities from other parties and proceed with the finishing of the building, and was therefore compelled to wait on account of the delays caused by the neglect of the plaintiff to deliver the said lumber according to contract."

From the case of Blakeslee Manufacturing Co. v. Hilton, 5 Pa. Superior Ct. 189, upon which plaintiff in this case greatly relies, we are informed as to the duty of defendant on the failure of purchased goods to arrive on time, and also as to what will relieve him from such action, where the court says: " The duty of the defendants, looking at the circumstances disclosed by the affidavit, was to supply themselves with another pump,

from some other source, when the one they ordered from the plaintiff failed to arrive promptly. It was not to be manufactured specially, was not, so far as we can see, of new or peculiar pattern, and the inference to be drawn from the affidavit is that it belonged to a class of goods usually kept in stock. Nowhere is it intimated that one similar could not have been obtained, at once, elsewhere, and loss have been avoided."

This affidavit alleges the impossibility of obtaining at once, or at all, goods sufficient and of the kind and quality to fill the order and thus avoid delay.

It is averred that the plaintiff refused and neglected to make the delivery as per contract, although urged and requested so to do.

To say that a vendor can never become responsible for damages by reason of his delays would be radical, and if he might ever be so held, we think it is under just such circumstances as are recited in this affidavit.

Considerable was said in the argument as to the improbability of the truth of the statements in the affidavit of defense, as to their being unable to secure these goods of other firms or parties. Whatever may be thought of the reasonableness or unreasonableness of such statements, for the purposes of this case they must be taken as true. They are not at all impossible. It is also urged that the contract specifies no time for delivery. The affidavit of defense alleges that all goods were to be delivered in time to complete the hotel building by May, 1897. Take the contract as set forth by plaintiff it would be obliged to deliver the same within a reasonable time, unless prevented by defendant. It can hardly be asserted that a reasonable time would be more than fourteen months.

Plaintiff alleges that the measure of damages for such delay is inaccurately set up in defendant's affidavit, and it cannot prevail. This may be true, but it is apparent that it has set up sufficient facts to constitute a basis for the assessment of damages under the legal rule by which they must be measured.

The supplemental affidavit of defense alleges a damage of $3,000, resulting from a defect in the material employed, in that the same was not properly seasoned, and by virtue thereof the same has shrunk so that the paneling is loose and joints opened, and that this is the result as to much if not all of the woodwork.

The plaintiff would, under any circumstances, be obliged to furnish material suitable for the purpose for which it was to be employed, but in its proposition to furnish this bill it says it is to be "first quality as to material used and workmanship."

Plaintiff alleges the injury herein recited is too vague and indefinite, and urges for our consideration the case of Vollmer v. Magowan, 180 Pa. 110, but we do not see that they can be fairly compared. True, a similar allegation was set forth in the affidavit in that case when it averred that "the said furniture, consisting of tables, chairs, bedsteads, couches, cabinets, dressing cases, etc., were made of wood not thoroughly seasoned, so that the same have cracked, warped, split, and shrunk," etc., but this is joined with the recitation of many other defects in similar and dissimilar articles of an entirely different character, descriptions of some of which were certainly quite vague and indefinite. It did not specify the damage resulting from this defect, nor, as a matter of fact, from the combined defects recited in the affidavit. It nowhere attempts to inform plaintiff of the amount of damages claimed either for the combined or for specific defects, excepting where it alleges that certain articles of a valuable character were never delivered by virtue of which the defendant was damaged "to the extent of about at least $1,000." The undelivered goods are not mentioned, specified, or described.

The Supreme Court simply decided that the affidavit was too vague and indefinite, which seems very apparent, but it does not appear to us that it rules this case. The defect alleged here is that the lumber was "green" or not properly seasoned, and that this applied to all or nearly all of the great bill furnished. Affiant goes on to describe the results produced by reason of this defect, and specifies the injury resulting therefrom, and we think it done with as much particularity as would be required in a statement of demand.

We consider these items of defense available, and that a further consideration of defenses set up is not necessary.

*Error assigned* was the order of the court.

*Alfred G. Church,* for appellant.—Nondelivery of merchandise within a certain time is no defense, if the merchandise is

finally accepted: Endlich on Affidavit of Defense, 415; McKay & Co. v. McKenna, 173 Pa. 581; Preston v. Finney, 2 W. & S. 53; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Culin v. Glass Works, 108 Pa. 220; Bunting v. Hopple, 2 W. N. C. 445.

*Frank P. Ray*, for appellee, was not heard.

Per Curiam, May 8, 1899:

In this case, plaintiff company's rule for judgment for want of a sufficient affidavit of defense was discharged by the court, and an exception taken as required by the act of April 18, 1874, sec. 2. The specifications allege error (1) in discharging the rule, and (2) in not entering judgment, in favor of plaintiff company, for want of a sufficient affidavit of defense.

For reasons given by the learned president of the court below, in his opinion discharging the rule, we think he was quite right in substantially holding that the averments of fact contained in defendant's affidavits were sufficient to prevent a summary judgment, and thus carry the case to a jury.

The appeal is accordingly dismissed at plaintiff's costs, but without prejudice to its right to trial by jury, and a second appeal after final judgment.