# A. G. Breitweiser Lumber Company *v.* Crick, Appellant.

*Practice, C. P.—Pleading—Sufficiency of statement of claim—Act of May 25, 1887, P. L. 271.*

1. To entitle a plaintiff to judgment for want of a sufficient affidavit of defense, the statement of his demand under the Act of May 25, 1887, P. L. 271, must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of facts as, if not controverted, would entitle him to a verdict for the amount that is claimed.

*Practice, C. P.—Affidavit of defense—Set-off.*

2. Affidavits of defense should aver the facts depended upon with reasonable precision and distinctness. Averments of set-off must be

as specific as those used in a statement of claim. The defendant in respect to such claim is the actor, and the obligation is upon him to aver his set-off in terms incapable of being misunderstood.

3. In an action to recover a balance alleged to be due on building materials an affidavit of defense is insufficient which avers that the defendants were obliged to make many changes and pay bills, averring a lump sum as a set-off, but does not set forth the different items or separate amounts thereof.

4. Such an affidavit is also insufficient which sets up an aggregate sum which the defendants claim they were compelled to forfeit and pay because of failure to complete their own contract by a time stated, where there is no time fixed for the delivery of the material, and there is no averment that the limitation of time was omitted from the contract by fraud, accident or mistake.

*Contract—Breach—Delay—Damages.*

5. In an action to recover for goods sold and delivered, if the defendant alleges loss by reason of the plaintiff's failure to deliver in time, the measure of damages, where the materials could have been purchased in the open market, is the difference between the contract price and the market price.

Argued April 23, 1913. Appeal, No. 30, April T., 1913, by defendants, from order of C. P. Allegheny Co., April T., 1912, No. 1,234, making absolute rule for judgment for want of a sufficient affidavit of defense in case of A. G. Breitweiser Lumber Company *v.* L. H. Crick and J. T. Golden, partners doing business as Golden & Crick. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit for building materials sold and delivered.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. McF. Carpenter, of Carpenter & Chalfant,* for appellant.—To entitle a plaintiff to judgment for want of sufficient affidavit of defense the statement must be self-sustaining, must be clear and concise and set forth

a good cause of action: Rosenblatt v. Weinman, 230 Pa. 536; New York Trust Co. v. Coal Co., 227 Pa. 630; Bill Posting Co. v. Jermon, 27 Pa. Superior Ct. 171; Rosenblum v. Stolzenberg, 36 Pa. Superior Ct. 644; Barr v. McGary, 131 Pa. 401.

The affidavit of defense was sufficient: Denahan v. Holmesberg Granite Co., 45 Pa. Superior Ct. 399; Kinney v. Citizens' B. & L. Assn., 37 Pa. Superior Ct. 425; Martinez v. Earnshaw, 143 Pa. 479; Lane v. Penn Glass Sand Co., 172 Pa. 252; Brown v. Gourley, 214 Pa. 154; Rose v. Independent Chevra Kadisho, 215 Pa. 69.

*E. B. Strassburger*, with him *W. H. Lemon*, for appellee.—The statement of claim was sufficient: Rosenblatt v. Weinman, 230 Pa. 536; Chestnut St. Nat. Bank v. Ellis, 161 Pa. 241.

The affidavit of defense was insufficient: Law v. Waldron, 230 Pa. 458; Brown v. Gourley, 214 Pa. 154; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; McFetridge v. Megargee, 26 Pa. Superior Ct. 501.

OPINION BY MORRISON, J., October 13, 1913:

The first position taken by appellants is that plaintiff's declaration is not sufficient to call for an affidavit of defense. It does not appear from the record that this question was raised in the court below at or before the time when judgment was entered against the defendants for want of a sufficient affidavit of defense. It is contended here by counsel for appellee that in fact no such question was raised in the court below. However that may be, an examination of the declaration with the exhibits A, B and C referred to and attached thereto convinces us that it is a concise statement of plaintiff's demand and that it calls for a sufficient affidavit of defense. The Procedure Act of May 25, 1887, P. L. 271, sec. 3, provides: "The plaintiff's declaration in each of the said actions, namely, the action of assumpsit and the action of trespass, shall consist of a

concise statement of plaintiff's demand, . . . . which, in the action of assumpsit, shall be accompanied by copies of all notes, contracts, book entries, etc. . . . upon which the plaintiff's claim is founded. . . . The statement shall be signed by the plaintiff or his attorney, and in the action of assumpsit shall be replied to by affidavit."

The plaintiff's declaration contains the following: "Plaintiff and defendants entered into a written contract which was consummated on March 24, 1911, said written contract being contained in plaintiff's offer by letter of March 23, 1911, a true and correct copy of which is attached hereto, made part hereof and marked 'Exhibit A' and defendants' acceptance thereof by letter of March 24, 1911, a true and correct copy of which is attached hereto, made part hereof and marked 'Exhibit B,' by which contract plaintiff company was to furnish all the mill work for a building being erected by defendants for Phillip Hamburger at No. 140, Sixth Street, Pittsburg, Pa., for the sum of $1,700 to be paid to plaintiff company by defendants. Said mill work was to be furnished in accordance with plans and specifications prepared by Charles Bickel, architect, true and correct copies of said plans are in possession of both plaintiff and defendants and the same are so large and bulky that it is impossible to attach them to this statement. A true and correct copy of that part of the specifications referring to the mill work for said building . . . . is attached hereto, made part hereof and marked 'Exhibit C.' Plaintiff company has furnished all of the materials constituting mill work shown on said plans and specifications according to its contract and said building has been long since completed. On September 22, 1911, defendants paid to plaintiffs the sum of $1,025.00 on account of said contract for which plaintiff hereby gives defendants credit.

"There still remains due and unpaid by defendants to plaintiff the sum of $675, with interest from October 1, 1911."

"To entitle a plaintiff to judgment for want of a sufficient affidavit of defense, the statement of his demand under the Act of May 25, 1887, P. L. 271, must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of facts as, if not controverted, would entitle him to a verdict for the amount that is claimed: Chestnut Street Nat. Bank v. Ellis, 161 Pa. 241:" Rosenblatt v. Weinman, 230 Pa. 536. We think the plaintiff's declaration brings his demand clearly within the rule above quoted. This leaves for consideration only the question of the sufficiency of the affidavit of defense.

It is well decided and should be considered settled in this state that, "Affidavits of defense should aver the facts depended upon with reasonable precision and distinctness: Markley v. Stevens, 89 Pa. 279. Averments of set-off must be as specific as those used in a statement of claim. The defendant in respect to such a claim is the actor, and the obligation is upon him to aver his set-off in terms incapable of being misunderstood: Loeser v. Warehouse, 10 Pa. Superior Ct. 540. An affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience would allow: Comly v. Simpson, 6 Pa. Superior Ct. 12; Kemp v. Kemp, 1 Woodw. 154:" Law v. Waldron, 230 Pa. 458 (see p. 466).

The affidavit of defense avers three several sums as set-off: 1. Defendants claim $303.80 by reason of expense incurred by defendants alleged to have been made necessary by failure of plaintiff to perform its contract. 2. Defendants claim $262.50 for an amount they allege they were compelled to forfeit and pay because of failure to complete their contract by September 1, 1911. 3. They claim $382.82 for loss and damage by reason of employees of defendants having to remain idle or work at odd jobs by reason of plaintiff's delay

in furnishing materials. According to the averments of the affidavit of defense the defendants were obliged to make many changes and to pay bills and in setting forth what they had to do which they allege amounted to $303.80 they use a considerable portion of their affidavit of defense and yet there are no items given, no statement of the amount paid on account of each specific defect or omission, but the total sum is stated as $303.80. In our opinion this averment of set-off is not as specific as is necessary in a statement of claim. The affidavit does not state with sufficient precision the amount of work done nor the money expended for each and every cause of complaint. If the parties were reversed and the defendants were suing to recover for said items, we do not think it can be successfully contended that what they set up in their affidavit of defense would be sufficiently specific to entitle them to a judgment in the absence of an affidavit of defense.

The defendants cite and rely on Lane et al. v. Penn Glass Sand Co., 172 Pa. 252. In that case plaintiffs were to furnish and erect certain machinery including, and intending to include, all things necessary and needful for the setting up and furnishing a complete apparatus for the crushing, washing, conveying and drying sand to the full capacity herein guaranteed by the said first parties, the parties of the first part agree to furnish all of the above machinery and send one man to put up in complete working order and start said machinery. And the said first parties further agree to guarantee said grinding and washing machinery when put up to have a capacity of eight tons per hour and the dryer to have a capacity of four tons per hour. The defendant filed an affidavit of defense and a supplemental affidavit which denied that plaintiffs substantially performed their contract, and aver that "the mill, plant or machinery they agree to put up under the contract was not erected or constructed in accordance with the terms of said contract, but in such an unworkmanlike

and defective·manner as to cause the defendant great loss and damage, etc. That the same was so defectively constructed in workmanship and of such defective material as to render the said plant almost wholly useless for the purpose for which it was intended. After specifying wherein the plaintiffs failed to comply with their contract, etc., it is further averred, that without taking into consideration the injury defendants sustained by reason of the defective work done by the mill, owing to faulty materials and construction, and failure of the plaintiffs to perform their contract, the defendant sustained damages to more than the amount alleged to be due on the original contract." This affidavit of defense was held sufficient and we apprehend this was because the defendant denied that the contract was substantially complied with and the reasons were set forth in the affidavit and under the circumstances it would have been useless to specify items. In our opinion that case and the one before us are quite different. In the present case it is not denied that the plaintiff substantially complied with its contract, nor is it denied that the mill work specified in the contract was furnished to the defendants and it is conceded that they used the same. Brown v. Gourley, 214 Pa. 154, is also cited by appellant and it is contended that it is in point in the present case. But in that case the items of set-off were clearly specified in the affidavit. First, wages of a watchman for thirty weeks and five days at $10.00 per week $307.10; second, wages of foreman and superintendent for thirty weeks and five days at $20.00 per week $615.65; third, salary of inspector as called for in the specifications, appointed by the Board of Public Education, seven months at $100 per month $700. There were other items also set out, and the affidavit further averred that $740 of plaintiff's claim was not due until September 24, 1905. We think these facts clearly distinguish that case from the one in hand.

The written contract between the parties, the two

letters already referred to, sets up no specific time for the delivery of the mill work in question. It is true the acceptance by the defendants of plaintiff's offer stated: "We will expect you to keep in touch with this work and have everything in shape for us when we are ready for same." There is no ground laid in the affidavit of defense for showing any other contract between the parties than appears in said letters, and if there was an additional contract it has not been set up with sufficient precision in the affidavit of defense to sustain a claim of set-off of the character indicated. If there was a contemporaneous oral agreement which induced the defendants to accept the plaintiff's offer, the affidavit ought to have set it forth with precision and to have stated that it was omitted from the contract by accident, fraud or mistake. The contract sued upon does not allege when plaintiff was to deliver the mill work and the affidavit of defense does not specifically state when the materials were delivered. For the above reasons we do not think the defendants were entitled to go to the jury on the second sum of their alleged set-off of $262.50.

The affidavit further alleges that certain mechanics and laborers were forced to remain idle by reason of plaintiff's delay. These charges are not itemized. If the defendants were plaintiffs and were suing to recover for the services of these mechanics and laborers, surely they would have to name or otherwise designate the men and state how long each worked and the value of his services and failing so to do their declaration would not call for an affidavit of defense. On the latter ground the defendants claim to set off $382.82 and if we are correct that this would not be sufficient in a statement of claim by a plaintiff, it must be held insufficient as a set-off.

But are the above claims for damages, on the facts set up in the affidavit of defense, the legal measure of damages in such a case? If plaintiff really delayed in furnishing the mill work and it was not in proper con-

dition when furnished, and this is not sufficiently alleged, the defendants should have gone into the open market and purchased like materials for the completion of their contract, and if they lost money by so doing they should have charged the plaintiff with the loss.  If the materials were such as could not be secured in the open market, that should have been alleged in the affidavit, and in such case the defendants might have been entitled to another measure of damages.  In Rockwell Mfg. Co. v. Cambridge Springs Co., 191 Pa. 386, cited and relied upon by appellant's counsel, the affidavit of defense alleged that defendant could not purchase such lumber and in such quantities from other parties and proceed with the finishing of the building, and was therefore compelled to wait on account of the delay caused by the neglect of the plaintiff to deliver the said lumber according to the contract.  This averment distinguishes that case from the one in hand.  There is no such allegation in the present affidavit of defense and without it the only measure of damages recognized by the law is the difference in market value as above stated: Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184. In our opinion the affidavit of defense is insufficient to entitle the defendant to go to the jury on any of the sums mentioned therein.

In addition to this the rules of court of Allegheny county, as furnished to us by counsel, are not complied with by the affidavit of defense.  And it is highly probable that the learned court below took notice of this in considering the affidavit of defense.  Rule VIII, sec. 1, provides: "In all actions on recognizances, judgments and other records, mortgages, mechanics' liens, policies of insurance, book accounts, bills, notes and other instruments of writing for the payment of money, and on all contracts for the payment of money, whether the same be in writing or not, and in all actions founded on contracts, express or implied (whether in form ex contractu or ex delicto) the plaintiff shall file with or

before his declaration a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which defendant shall, within the time hereinafter specified, file an answer verified by affidavit, and such items of the claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted.

"Section 3.   This rule shall apply to a specification and statement of set-off filed by the defendant."

Rule IX provides that plaintiff shall be entitled to judgment "unless defendant or some one for him shall have filed an affidavit of defense stating therein specifically and at length the nature and character of his defense."

It appearing in the present case that the contract for the materials to be furnished by the plaintiff was in writing and that the same were actually furnished and used by the defendants and they did not go into the open market and purchase other materials on account of the alleged delay and quality of the materials furnished by plaintiff, and thus fix the measure of damages, and for the further reasons stated in this opinion, we reach the conclusion that the learned court below did not err in granting judgment against the defendants for want of a sufficient affidavit of defense.

The assignments of error are all overruled and the judgment is affirmed.