## Keystone Furniture Company v. Danneman.

*Sale—Affidavit of defense — Sufficiency of—Set-off—Warranty—Practice Act of May 14, 1915, P. L. 483.*

1. In an action for a balance due on the price of furniture sold on an instalment lease which did not contain an express warranty, an affidavit of defense is insufficient which avers a breach of implied warranty, but does not aver facts from which such warrant can be implied, and avers that a thorough examination could not be made when the furniture was purchased at the plaintiff's place of business and that subsequently defects on the backs of upholstered furniture were discovered.

2. This admits that the sale was on inspection, and there is no warranty against patent defects in such a sale such as were the defects alleged.

3. Even if there was a warranty and breach of it, the seller should have been notified promptly, and the affidavit is defective in not stating when such notice was given. Whether such notice was given within a reasonable time is a question of law for the court.

4. An affidavit containing a set-off must be as specific as the statement and not vague and indefinite.

Rule for judgment for want of a sufficient affidavit of defense. C. P. Lancaster Co., Jan. T., 1927, No. 50.

*F. Lyman Windolph,* for plaintiff; *S. V. Hosterman,* for defendant.

HASSLER, J., April 16, 1927.—It is alleged in plaintiff's statement that on May 26, 1924, he sold and delivered to the defendant a three-piece upholstered living-room suit for the sum of $575. The contract between them is in writing. It provides that $200 of the purchase price, or rent, was to be paid in cash and the balance in seven monthly payments of $50 each. The payments were not made as called for, but between the date of the contract, May 26, 1924, and April 13, 1926, a total amount of $525 was paid, leaving unpaid the sum of $50. It provides that no title is to vest in the defendant, but at the expiration of the term the defendant can purchase it and the plaintiff will give a bill of sale to him for it upon payment of the said sum of $575. No warranty of the furniture was expressly made in the written lease, nor can one be implied from anything contained in it. Nor does the defendant set forth any facts in his affidavit of defense that show, or from which it can be inferred, that there was implied warranty, but contents himself with alleging the conclusion that there was an implied warranty. He says that the furniture was *purchased* at the plaintiff's place of business, but that a thorough examination of it could not be made of it there because of the inadequate display of it by the plaintiff. The sale is, therefore, admitted to be a sale on inspection. No warranty against any defects that are patent will be implied in such a sale. The defects complained of by the defendant were patent, or could have been seen by the exercise of the slightest diligence on his part, as they were on the surface of the backs of the upholstered furniture.

We do not think any warranty was implied in the tranaction between the parties, but even though there was an implied warranty and a breach of it shown in the affidavit of defense, the claim of set-off contained in the affidavit of defense cannot be allowed because it does not conform to the requirements of the Practice Act in such cases.

The defendant's set-off contained in his affidavit of defense is a pleading under section 2 of the Act of May 14, 1915, P. L. 483, and subject to all the rules of pleading. Section 5 of the same act requires it to contain in a concise and summary form the material facts upon which the defendant relies to recover his set-off from the plaintiff. In his claim of set-off the defendant is

practically the plaintiff, and his statement of his claim of set-off must meet all the requirements of a plaintiff's statement. It must set forth facts which constitute a good cause of action, and which, if not controverted, would entitle him to recover: Tourison v. Engard, 30 Pa. Superior Ct. 179; Rosenblatt v. Weinman, 230 Pa. 536; Breitweiser Lumber Co. v. Crick, 55 Pa. Superior Ct. 72; Dixie Manuf. Co. v. Lebzelter, 36 Lanc. Law Rev. 133; Kirk v. Stores Co., 37 Lanc. Law Rev. 157. It must be as specific as the statement: Edelson v. Bowermaster, 33 Lanc. Law Rev. 94; Rosenblat v. Stauffer, 33 Lanc. Law Rev. 277. It must state the material facts with particularity: Beck v. Kauffman, 26 Dist. R. 1.

The cases are numerous that decide that material facts must be set forth clearly and unequivocally and not vaguely and indefinitely: Byrne v. Hayden, 124 Pa. 170.

The facts, if any, claiming set-off in this affidavit of defense do not meet the requirements of the act of assembly. No facts are stated that show an implied warranty, and all the allegations relating to it are vague and indefinite. If there was an implied warranty, and the defendant discovered that the goods were not as warranted, it was necessary for him to have given notice of its breach promptly, or he could not recover for such breach. Section 49 of the Act of May 19, 1915, P. L. 557, provides that if, after acceptance of the goods, the buyer fails to give notice to the seller of any breach or promise of warranty within a reasonable time that the buyer knows, or ought to know, such breach, the seller should not be liable therefor. It is a matter of law for the court to decide from the facts stated whether such notice was given promptly. In Catalano v. Corcoran, 86 Pa. Superior Ct. 32, it is decided that in an action of *assumpsit* for breach of warranty, it is not only necessary for the plaintiff to show there was a breach of warranty, but also to prove that the buyer had given notice of the breach to the seller within a reasonable time after the receipt of the goods. Stein v. Bradford, 278 Pa. 321, and Miner-Hillard Co. v. Rosato, 81 Pa. Superior Ct. 94, are to the same effect. The affidavit of defense does not state when the notice was given, so that we are unable to decide that notice of any breach of warranty, if there was one, was given to the plaintiff promptly. We are, therefore, of the opinion that there is nothing in the affidavit of defense to prevent judgment, and we make absolute the rule for judgment for want of a sufficient affidavit of defense and enter judgment for the plaintiff for the sum of $56.90.

From George Ross Eshleman, Lancaster, Pa.