## Mazer v. LaDow et al.

*Samuel R. Lazowick*, for plaintiff.
*T. Henry Walnut*, for defendants.

KUN, J., June 27, 1938.—This cause was submitted to the court for determination on a stipulation of facts filed of record.

Plaintiff, in her bill, asked that defendant Wilhelm F. Knauer be directed to deliver over to her certain notes held by him. W. Reading Gebhardt, assignee of defendant LaDow, intervened as a party defendant, and asked that the notes be handed over to him. Defendant Knauer has no interest in the notes or in the disposition of the case. The notes were given by plaintiff to defendant LaDow in connection with the purchase of a drug business by plaintiff from LaDow. Subsequently, the notes were deposited by LaDow with defendant Knauer, an

attorney, in place of $2,000 in cash, which, being part of the purchase price, was being held by Knauer pending approval of a 10-year lease for the premises involved, which LaDow gave to plaintiff, because his title to the premises was subject to two mortgages. This approval was required by plaintiff to assure her that she would not be disturbed in her occupancy of the premises during the term of the lease. The approval of the Poplar Building & Loan Association, the second mortgagee, was obtained, but the approval of the Commissioners of the Sinking Fund of the Masonic Lodge, the other mortgagee, was not obtained.

The pertinent provision of the agreement relative to the latter was as follows:

"It is expressly understood and agreed notwith [notwithstanding] anything to the contrary heretofore mentioned, that unless written approval of the lease between A. Stewart LaDow and Esther W. Mazer is obtained from the Commissioners of the Sinking Fund of the Masonic Lodge within six years from the date hereof, said sum of Eighteen Hundred Dollars ($1800), represented by twelve notes in the possession of Wilhelm F. Knauer, Esq., shall be forfeited as and for liquidated damages, said notes to be thereupon immediately cancelled and made null and void and the said A. Stewart LaDow, his heirs, executors and assigns, waives the payment thereof."

The 10-year lease from LaDow to Mazer provided for rentals as follows: For the first five years, $200 a month; for the next three years, $225 a month; for the remaining two years, $250 a month.

On November 8, 1933, plaintiff, Mazer, was in default on the original lease in the amount of $1,050, which she never paid, and, on that date, a new lease was entered into by her with the Poplar Building & Loan Association, as lessor, for a term of six years and eight months, at reduced rentals, to wit, $125 a month for the first 13 months, and $200 a month thereafter. Because of further defaults by plaintiff, Mazer, and an accumulation

of arrearages in the amount of nearly $1,200, the lessor accepted $400 in settlement of the arrearages, and a new lease was entered into between the parties, dated January 7, 1936, for the term of one year, and from year to year thereafter, in which the rental was fixed at $150 a month. According to the stipulation, plaintiff is now in possession of the premises under that lease.

The question before us is a simple one. Plaintiff, as appears by the stipulation, was in default on her lease with defendant LaDow in the amount of over $1,000, which she never paid, in consequence of which this lease was canceled, and she entered into a new lease with the building and loan association as stated. This was within the six-year period, which defendant LaDow had to obtain the approval of the original lease by the first mortgagee. On this ground alone, plaintiff would not be entitled to recover in this case. Obviously, since the performance of LaDow's contract was made impossible by the act of plaintiff, Mazer, she cannot, in those circumstances, recover the damages stipulated, whether regarded as a forfeiture or liquidated damages. See generally, the title "Damages", 17 C. J. 963, §261, and p. 964, §263, and the terse statement of the law on the subject appearing in United States v. United Engineering & Contracting Co., 234 U. S. 236, 58 L. Ed. 1294, where a quotation is used from Chitty, L. J., in the case of Dodd v. Churton, 1 Q. B. Div. 562 (1897), in which the law on the subject was referred to Russell v. Bandeira, 13 C. B. (N. S.) 149, by Byles, J., as being "neatly put", in an older case there cited, as follows:

" 'If a man agrees to do something by a particular day or in default to pay a sum of money as liquidated damages, the other party to the contract must not do anything to prevent him from doing the thing contracted for within the specified time.' "

The question of liquidated damages frequently arises in cases of building contracts, where provision is made for their payment in the event that the work is not com-

pleted within a specified time, in which cases the same principle is applied: Lilly v. Person et al., 168 Pa. 219; Focht v. Rosenbaum, etc., 176 Pa. 14; Pittsburg Iron & Steel Engineering Co. v. National Tube Works Co., 184 Pa. 251; Caldwell et al. v. Schmulbach, 175 Fed. 429; Parish Mfg. Corp. v. Martin-Parry Corp., 285 Pa. 131.

What we have stated is sufficient to dispose of the controversy. However, there is another ground upon which we would hold that plaintiff is not entitled to recover. We would not, in any event, regard the stipulation involved as a forfeiture. The real purpose of the agreement was to protect plaintiff against loss or damage by reason either of her dispossession from the property or the imposition of a greater burden on her in the way of increased rental within the six-year period specified. The failure to secure the approval of the first mortgagee to the lease might or might not result in damages to plaintiff. If the first mortgagee had foreclosed and taken possession of the property, but it had permitted plaintiff to continue in possession of the premises under the same lease, under the same or better terms, she would have suffered no damage, or if there had been a mere increase in the rent but her possession was not otherwise disturbed or made more burdensome, the damages suffered by her could have been accurately measured and that would have been the extent to which she would have been entitled to recover. On the other hand, if, following a foreclosure by the first mortgagee, plaintiff had been dispossessed, her damages, in those circumstances, being uncertain and incapable of definite measurement, we should have allowed her to recover the sum stipulated as damages. Under the stipulated facts before us, however, plaintiff suffered no damages whatever; on the contrary, she has continuously benefited by reason of her successive defaults and entering into new and more favorable leases for the same premises, which she has continuously occupied from the date of the original lease to this day.

In these circumstances, there is no legal or equitable basis on which she can get back part of the purchase price of the drug business she bought and now has.

The intervening defendant, W. Reading Gebhardt, as assignee of defendant A. Stewart LaDow, is entitled to a decree against defendant Wilhelm F. Knauer directing him to deliver the notes in question to said Gebhardt.