## Greenberg v. Koegler

*Sacks & Piwosky,* for plaintiff.

*David F. Maxwell* and *Richard V. Zug,* for defendant.

CRUMLISH, J., February 5, 1947.—Plaintiff has moved to strike off a counterclaim filed as part of an affidavit of defense to a sci. fa. sur mechanic's lien.

Plaintiff seeks to recover the sum of $5,400 as the balance due for furnishing and erecting certain struc-

tural steel in accordance with a written contract, in letter form, which reads as follows:

May 15, 1946

"John Koegler
126 Montgomery Ave.
Bala-Cynwyd, Pa.

Re: Showroom
5947 Ridge Ave.
Philadelphia, Pa.

Dear Sir:

We accept your order to furnish, fabricate, deliver and erect the structural steel for the above project comprised of purlions for the roof of the existing structure, all beams, columns and purlions for the addition and lintels for the entire project. All with one shop coat of paint for the lump sum of Seven Thousand Dollars ($7,000.00).

Very truly yours,
/s/   Manuel A. Greenberg
MANUEL A. GREENBERG

MAG:SC

ACCEPTED BY: /s/   John H. Koegler"

Defendant admits this writing but denies that it constituted the entire agreement, alleging that the complete agreement was partly oral and partly in writing, and sets forth in a counterclaim, incorporated by reference into his affidavit of defense, a number of additional terms, orally agreed upon, which include a requirement that plaintiff complete performance within 30 days. The other terms specify what steel is to be furnished and, in one instance, the weight per foot. Plaintiff moves to strike off these averments on the ground that they are contemporaneous oral agreements without fraud, accident or mistake.

Defendant also alleges in his counterclaim, incorporated by reference into his affidavit of defense, that plaintiff failed to complete performance within 30

days. This failure allegedly caused ·defendant to lose more than three months' use of the building, reasonable rental for that period being $3,366.66, and forced him to pay overtime wages of $195.95 to avoid further delay. Other losses, allegedly resulting from defective work or material, bring the total counterclaim to the sum of $4,792.29, leaving a balance of $607.71 admittedly due plaintiff. Plaintiff seeks to strike off the items resulting from the delay on the ground that they are not proper, even as set-offs.

With respect to the alleged oral agreement, we do not think this case is governed by Schar v. Maier et al., 355 Pa. 153 (1946), cited by plaintiff, and the line of decisions referred to therein. In those cases the subject of the oral agreement was dealt with in the written one and therefore "it is presumed that the writing was intended to set forth the entire agreement as to that particular subject": Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 324 (1924). In the matter at bar the oral agreements concern matters as to which the written instrument is silent or incomplete. The writing itself refers to an acceptance of defendant's "order", and proof of the terms of the order with respect to the specific items to be furnished may properly be offered. See Moyer v. Heilveil et al., 159 Pa. Superior Ct. 610 (1946), where the writing was also in letter form with an acceptance endorsed at the end thereof. That writing referred to "our several conversations"; the instant one refers to "your order". The court said, at pages 612, 613:

"From the circumstances . . . the court was right in inferring that the parties in this case did not intend the written agreement to be a complete and final settlement of the whole transaction between them. The writing is silent, except for implications favoring plaintiff, as to the term of the employment. It therefore was proper for plaintiff to prove a prior separate oral

agreement not inconsistent with the writing and unaffected by it, establishing the actual intention of the parties. Cf. White v. Black, 14 Pa. Superior Ct. 459, 467. A contract may be partly oral and partly in writing and the written agreement does not supersede the oral contract unless complete in itself, embodying all of the terms orally agreed upon. Russo's Estate, 119 Pa. Superior Ct. 309, 180 A. 741. The rule is thus stated: 'An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration . . . if the agreement is *not* inconsistent with the integrated contract, and . . . (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract': Restatement, Contracts, §240."

The controversy in this case is really over the averment that the parties orally agreed that plaintiff would complete performance within 30 days. Illustration 4, to the comment under the above-quoted §240 of A. L. I. Restatement of Contracts, is directly in point.

"A and B in an integrated contract respectively promise to sell and to buy specified goods. No time or place for delivery is specified. If no agreement is made as to these matters the rule of law is that the goods are deliverable in a reasonable time at the seller's place of business. A contemporaneous oral agreement that the goods shall be delivered within thirty days, at the buyer's place of business, is operative."

Cf. Weinberg v. Dechter et al. (C. P. No. 7, June term, 1946, no. 2862, in equity. Adjudication by Oliver, P. J., October 1946).

The Procedural Rules Committee has not yet promulgated new rules for filing and defending against mechanics' liens. Under current practices the counterclaim, as such, must be stricken. However, the averments contained therein, insofar as they relate to items properly set off against the claim, remain as a part of

the affidavit of defense, having been incorporated by reference, and plaintiff should be permitted to file a replication: Alterman v. Bloch, 57 D. & C. 429; Speller Co., Inc., v. Bryn Mawr A. M. E. Church, 39 Montg. 203 (1923). The question remains, then, as to whether the alleged losses resulting from plaintiff's delay are proper matters for deduction or set-off.

In this connection, the Act of June 4, 1901, P. L. 431, sec. 36, 49 PS §157, provides that:

". . . any defense which would defeat the action were it a personal one against the contractor to recover for the particular work or materials required to be done or furnished under the contract of the owner, or which shows that the claim was intentionally filed for a grossly excessive amount, shall wholly defeat the claim; and proof that the work in certain particulars was not in accordance with that contract shall defeat it pro tanto. Minor defects, or a failure to complete in minor particulars, shall operate as a defense only to the extent necessary to repair or complete the work."

See 12 Standard Pa. Practice, §286, p. 187.

Plaintiff relies on two cases to support his contention that loss resulting from delay is not such a defense as can be set up against the claim. Kirpichnikoff v. Finkel, 290 Pa. 437 (1927), the contract containing an indemnity and a "no-lien" clause, supports the proposition that the owner's counsel fees, incurred in defending against the lien, could not be set off against the amount claimed. McQuaide et al. v. Stewart et al., 48 Pa. 198 (1864), involved an attempt to set off a claim for rent, accruing after completion of the building, against the contractor's claim. This was not allowed. Neither case controls the one before us.

On the other hand, the rule as stated in 2 Cushman, Law of Mechanic's Liens in Pennsylvania, 1121, is that "An owner may claim compensation from the con-

tractor for delay in completing the building. . . ." There is no decision squarely establishing this rule. In Feterici v. Dunn, 14 Del. Co. 125 (1916), 12 Standard Pa. Practice §218 (note 17), p. 148, defendant averred defective work and delay in performance, the jury rendered a verdict for defendant, and plaintiff's motion for a new trial was denied. In Tayoli v. Manelli, 18 Luzerne 342 (1916), damages for delay were not allowed as a set-off only because defendant failed to give a basis for their calculation. In Merritt v. Poli, 236 Pa. 170, 178 (1912), the Supreme Court upheld the right of defendant to set off damages resulting from delays if caused by plaintiff, but there the language of the contract provided for penalties in case of delay. See also Focht v. Rosenbaum et al., 176 Pa. 14 (1896); Rockwell Manufacturing Co. v. Cambridge Springs Co., 191 Pa. 386 (1899). Our Supreme Court has declared that the "defenses to the scire facias, available to the owner, are ample to enable him to raise any question which will affect or destroy the validity of the lien or defeat the claimant's right in whole or in part to enforce the claim against the property": Hiestand v. Keath, 229 Pa. 149, 154, 155 (1910).

In an assumpsit action on a building contract, the rental value of the building, for the period of the delay, may be set off against the amount of the claim: Lever v. Lagomarsino, 282 Pa. 110, 114 (1925).

In the absence of any express prohibition against allowing a similar set-off in an action on scire facias sur mechanic's lien, and in the light of the cases cited above, we conclude that the same defense is allowed here.

### Order

And now, February 5, 1947, it is ordered:

(a) Defendant's counterclaim, as such, is hereby stricken;

(*b*) The new matter contained in the counterclaim shall be considered as part of the affidavit of defense; plaintiff may file a replication thereto within 15 days hereof.