## Stein v. W. H. Bradford Co., Inc., Appellant.

*Appeals—Practice, C. P.—Trial by court without jury—Findings —Contract—Acceptance of goods—Coal.*

1. In a case tried before the court without a jury, the facts found by the court on sufficient evidence must be accepted as true by the appellate court.

2. A vendee of coal cannot be relieved from paying the price thereof on the ground that it was of inferior quality, where the trial judge without a jury, finds as a fact that the vendee accepted the coal with full knowledge of its quality, and made no objection to it within a reasonable time.

Argued September 24, 1923. Appeal, No. 30, Oct. T., 1923, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1921, No. 286, for plaintiff, in case tried without a jury, in suit of George P. Stein v. W. H. Bradford & Co., Inc. Before MOSCHZISKER, C. J., FRAZER WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for coal sold and delivered. Before BERKEY, P. J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $9,704.68. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Chas. H. Ealy,* with him *Charles F. Uhl,* for appellant.
VOL. CCLXXVIII—21

*Joseph Levy,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

Plaintiff was a miner of coal, defendant a jobber buying coal from operators and selling to consumers. The former brought this action to recover the price of coal sold and delivered. The case was tried by the court without a jury and resulted in a judgment for plaintiff, from which defendant appeals.

In our opinion one question compasses the controversy: Was there an oral contract between the parties, under which defendant agreed to take the entire output of plaintiff's mine and to pay therefor at an agreed price or at the highest market price each day for shipments made? The trial judge found as a fact there was such a contract; the record discloses evidence to warrant this finding. In a case tried before the court without a jury, the facts found by the court upon sufficient evidence must be accepted as true by an appellate court: Gillespie v. Hunt, 276 Pa. 119.

Appellant received the entire output of appellee's mine. It contends that most of the coal was shipped to be handled on commission, that owing to inferior quality it could not be advantageously sold, ultimately having to be disposed of at a loss because of demurrage and other charges, and sets up this loss as a counterclaim. While defendant produced evidence to sustain its position, the court credited that of plaintiff and held there was no agency relation. The trial judge's opportunity to weigh the testimony was far better than ours. Defendant also endeavored to establish that the coal was shipped on written orders, subject to classification on delivery in "pools" at the Tidewater Coal Exchange, which classification fixed the price; this drops out of the case in view of the court's determination as to what the contract was.

The following finding of the trial judge, amply sustained by evidence, is determinative before us of the

controversy in plaintiff's favor: "The defendant accepted all the coal in controversy f. o. b. plaintiff's mines, with full knowledge of its grade, quality and classification; directed its shipment, receiving prompt notice of its inspection at the pools, and not having rejected the same and notified the plaintiff thereof within a reasonable time, the defendant must be deemed to have fully accepted it and is liable either for the contract price where this was fixed, or for the highest market value thereof on the date of acceptance by the defendant."

Judgment affirmed.