# Sturdevant et al., Appellants, *v.* Thomson, Admr.

*Mines and mining—Lease—Sale—Culm—Title to culm.*

1. A mining lease constitutes a sale of all coal in place, where the grant is of all the coal remaining on the land, without fixing the maximum time of taking, although it is provided that a certain amount should be removed or paid for, each year.

2. Even if a limitation of time is provided, it will not have the effect of changing the character of the transaction, although such limitation will be considered in determining the intent of the parties.

3. Where a mining lease, providing for a term designated, specifies that culm which passed through a screen should not be paid for unless sold, and the lessee ceases operations during the period and quits the property, leaving culm deposited on the property and upon adjacent land, such culm remains the property of the lessee and may be levied on, after the period of the lease, by a judgment creditor of the latter.

4. In such case the question of the payment of royalty on the culm is not involved, and will not arise until the culm is sold, or an attempt is made to remove it.

*Practice, C. P.—Trial by court—Finding of facts—Act of April 22, 1874, P. L. 109.*

5. Where a case is tried by the court without a jury under the Act of April 22, 1874, P. L. 109, the facts found by the court on sufficient evidence must be accepted as true by the appellate court.

Argued March 17, 1924.   Appeal, No. 117, Jan. T., 1924, by plaintiffs, from judgment of C. P. Sullivan Co.,

Sept. T., 1919, No. 6, for defendant on case tried by the court without a jury, in case of Blanche W. Sturdevant and P. P. Sturdevant, Trustees for the devisees of George D. Jackson, deceased, and Blanche W. Sturdevant, administratrix d. b. n. c. t. a. of George D. Jackson, deceased, v. Rush J. Thomson, surviving administrator and trustee of the estate of Josiah Jackson, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Affirmed.

Sheriff's interpleader to determine title to culm. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiffs appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*E. J. Mullen,* for appellants.—This lease, like every other contract, must be construed according to its terms: Denniston v. Haddock, 200 Pa. 426; Coolbaugh v. Coal Co., 213 Pa. 28; Gallagher v. Hicks, 216 Pa. 243.

A license to use the land of another temporarily may be inferred from circumstances: Meig's App., 62 Pa. 28.

Possession of chattels is always evidence of ownership: Entriken v. Brown, 32 Pa. 364; Phila. Trust Co. v. R. R., 177 Pa. 38.

In a sheriff's interpleader, the claimant may recover for part of the property claimed, even if he does not es-tablish title to all of it: Rush v. Vought, 55 Pa. 437.

The execution creditor has no higher title to the property than the execution debtor had at the time of the levy: Schoeneman v. Weill, 3 Pa. Superior Ct. 119; Necker v. Sedgwick, 36 Pa. Superior Ct. 593.

*Rodney A. Mercur,* for appellee, cited: N. Y. & Pittston Coal Co. v. C. & I. Co., 225 Pa. 211; Millard v. D., L. & W. R. R., 240 Pa. 234; Miles v. Coal Co., 250 Pa. 147; Hosack v. Crill, 18 Pa. Superior Ct. 90; Plummer v. C.

& I. Co., 160 Pa. 483; Advance Ind. Sup. Co. v. Copper
Co., 267 Pa. 15.

OPINION BY MR. JUSTICE SCHAFFER, April 14, 1924:

Under a mining lease for a term of ten years with
appellants' predecessors in title, W. B. Gunton mined
coal from a tract of land in Sullivan County.  In con-
ducting his operations, a culm bank of considerable
extent was created, one-fourth of which rested on the
land demised and three-fourths on adjoining unseated
land, title to which was in a third person.  The culm
represented the coal mined, which passed through a
screen with a mesh of one-eighth of an inch; for that
which passed over such screen Gunton paid a royalty to
the lessors, while for that passing through it, under the
terms of the lease, he paid nothing, unless he sold it, in
which event he was to pay one-tenth of the price received.
He ceased operating the mine during the ten-year period
and quit the property, leaving the culm in the pile as he
had deposited it on the ground.  The lessors resumed
possession and subsequently conveyed the tract to plain-
tiffs without mentioning the culm.  Twelve years after
he gave up his lease, one of Gunton's creditors levied on
the culm pile under a testatum fi. fa.  Plaintiffs there-
upon claimed ownership of it, and a sheriff's interpleader
issue was framed by the court, in which the execution
creditor was made defendant.

The case was tried by the court without a jury under
the Act of April 22, 1874, P. L. 109, and judgment was
entered for defendant, which involved the finding that
the title to the culm was in Gunton.  Plaintiffs have ap-
pealed.

Appellants maintain that when Gunton ceased oper-
ations and left the property, all the culm reverted to
the owners of the land from which it was produced, not
alone that which rested upon their land, but that also on
the adjoining lot,—that when the lessors conveyed to
them without any reservation of the culm, and appel-

lants took actual possession under their deed, all of it passed to them as appurtenant to the land they acquired, and that Gunton had no interest in it, subject to levy by his creditor. Plaintiffs also urge that Gunton had no title because he had paid no royalty on the culm.

Appellants argue the lease did not constitute a sale in place of the coal, for the reason that the agreement under which it was mined was a term lease. We disposed of this proposition in Robinson v. Pierce, 278 Pa. 372, where Mr. Justice SADLER, speaking for the court, said: "It will be noted that the grant was of all the coal remaining on the land, without fixing the maximum time of taking, though it was provided that a certain amount should be removed or paid for, each year. Even had a limitation of the term appeared, it would not have been effective to change the character of the transaction, though to be considered in determining the intent of the parties." The same principle was recognized in Timlin v. Brown, 158 Pa. 606, and Hosack v. Crill, 18 Pa. Superior Ct. 90.

The case at bar is ruled in principle against appellants by Russell v. Stratton, 201 Pa. 277; there the plaintiff, lessee of a quarry, left upon the leased premises a large quantity of cut stone which he had taken from the quarry, and certain tools. Two years after his departure, the lessor sold the stone and tools to the defendants. The lessee brought an action against the purchaser to recover for the same. In affirming the judgment in the former's favor, we said: "The main question in the case was whether the property in controversy had been abandoned by the plaintiff. This was to be determined from a consideration of the nature of the property and the conduct of the plaintiff in relation to it, and the question was essentially one of fact for the jury." Here it was one of fact for the court sitting without a jury and "When a case is tried before the court without a jury, the facts found by the court upon sufficient evidence must be accepted as true by an appellate court": Gilles-

pie v. Hunt, 276 Pa. 119; Stein v. W. H. Bradford Co., Inc., 278 Pa. 321.

As to the contention that Gunton had no title to the culm, because he had paid no royalty on it, it is sufficient to say that the lease was by its terms a sale of all the coal mined, including that which went into the culm pile. The question of the payment of royalty on that part of it is not involved in this appeal, and will not arise until the culm is sold or attempt is made to remove it.

The assignments of error are overruled and the judgment affirmed.