THE STATE, EX REL. RHEINFRANK ET AL., *v.* GIENOW, DIR.,
DEPT. OF PUBLIC WORKS.

[Cite as State, ex rel. Rheinfrank, v. Gienow,
20 Ohio St. 2d 17.]

(No. 69-349—Decided October 29, 1969.)

*Messrs. Marshall, Melhorn, Bloch & Belt* and *Mr.
John B. Spitzer,* for relators.

*Mr. Paul W. Brown,* attorney general, and *Mr. Charles S. Lopeman,* for respondent.

*Per Curiam.* This is an action in mandamus originating in this court.

Relators seek to compel the respondent, Director of Public Works, to hold a hearing pursuant to the provisions of Section 123.61, Revised Code, to determine the title to the bed of the water on which relators' property abuts.

A demurrer has been filed to the petition and both relators and respondent agree that an order overruling the demurrer will be dispositive of the case.

Relators are the owners of certain lands abutting on the Maumee River. The state, on the theory that the waters on which relators' property abuts is a part of Lake Erie, has granted one White Brothers Sand, Inc., and others a permit to dredge sand in this area. Relators contend that the water is a part of the Maumee River and that they own, to the center of the river, that portion of the bed of the river which fronts on their property.

The resolution of this case lies in an interpretation of Section 123.61, Revised Code, which reads as follows:

"In all cases where any land claimed by the state is in the possession and occupancy of any person or corporation claiming the ownership thereof, and such person or corporation appears before the Director of Public Works and submits such claim to the award and decision of said director for the purpose of determining the boundary line of said land or the ownership thereof, said director may make an award and decision thereon, which shall be conclusive as to all the parties thereto having notice and not under legal disability. Any award or decision made by said director under this section shall constitute an adjudication as defined in Section 119.01 of the Revised Code and shall be subject to appeal in accordance with the provisions of Sections 119.01 to 119.13, inclusive, of the Revised Code."

Respondent contends that the holding of a hearing is discretionary, inasmuch as that section provides that the director *may* hold a hearing, and that mandamus does not lie to control the director's discretion.

The state argues that such section was intended to be discretionary and points to Section 123.611, Revised Code, which provides that if title to land is disputed the state agency which has control over the land may request such a determination, in which case the director *shall* hold a hearing.

The relators claim ownership in the bed of the waters on which their properties abut. The state, by issuing dredging permits, has assumed ownership over the same land. Thus, a question of disputed title to property is presented.

The normal procedure, where title to property is disputed, is to file an action to quiet title. However, this course may not be pursued against the state without its consent. *West Park Shopping Center* v. *Masheter,* 6 Ohio St. 2d 142. That case holds that a claim of ownership of lands to which the state also claims title cannot, because of the state's sovereign immunity, be determined in a legal action as to which the state has not consented to be made a party. In fact, prior to the present proceedings, relators attempt-

ed to enjoin the permit holders, but the court found that since the state was not a party and could not be made a party without its consent, the court could not determine the action.

It is the purpose of Section 123.61, Revised Code, to provide a means whereby a dispute as to title, such as is involved here, may be resolved.

That statute provides, first, for an administrative determination of such issue, and second, for judicial review.

The intent of Section 123.61, Revised Code, was not to foreclose a remedy but to create one. To hold that it imposes only a discretionary duty on the director would be to leave persons in the position of relators without any real remedy.

Thus, where any person claims ownership to land claimed by the state he may submit such claim to the Director of Public Works under the provisions of Section 123.61, Revised Code, by which a duty is imposed on the Director of Public Works to hold a hearing and make a determination of title to such land.

The demurrer to the petition is overruled and the writ of mandamus is allowed.

*Writ allowed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., concurs in the judgment only.