F. C. L. Games, Inc. *v.* Safeguard Mutual Fire Insurance Co., Appellant.

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Malcolm H. Waldron, Jr.,* with him *Barry J. Goldstein,* for appellant.

*Lawrence M. Aglow,* for appellee.

OPINION BY WATKINS, J., September 19, 1973:

This is an appeal from the order of the Court of Common Pleas of Philadelphia sustaining preliminary objections.

This appeal stems from an action brought in 1963 or 1964 by the plaintiff-appellee, F.C.L. Games, Inc., against the defendant-appellant, Safeguard Mutual

Fire Insurance Company, in the State of New York to recover under an insurance policy for a loss resulting from vandalism. Pretrial proceedings commenced in which the defendant participated.

On April 12, 1967, prior to the New York trial, the defendant, a domestic insurance company, was suspended from doing business by the Insurance Commissioner of Pennsylvania. Subsequent to this suspension and prior to the ultimate vacation of the suspension order, judgment was entered by default against the insurance company by the Supreme Court of New York. At that time, it is alleged that the insurance company, because of the order of suspension could not comply with certain pretrial orders by the court of New York.

On January 19, 1973, the plaintiff entered judgment in Chester County, Pennsylvania on an exemplification of the New York judgment. The plaintiff issued a Writ of Execution to the Sheriff of Philadelphia and a levy was ordered for the garnishment of a bank account in Philadelphia. The defendant stayed proceedings by a petition to strike the judgment and dissolve the levy on the ground that the judgment was entered in Chester County improperly pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 P.S. §921 et seq., and that the said judgment was originally entered improperly and was, therefore, void.

The plaintiff responded by filing preliminary objections asserting that the Court of Common Pleas in Philadelphia did not have jurisdiction to decide the questions raised by the defendant's petition. The court below dismissed the petition in that it did not have jurisdiction to determine the validity of the judgment entered in Chester County.

The court has power to strike judgments when irregularities and illegalities appear on the face of the record. *Linett v. Linett,* 434 Pa. 441, 254 A. 2d 7

(1969); *Cameron v. Great A. & P. Tea Co., Inc.,* 439 Pa. 374, 266 A. 2d 715 (1970). However, in this case the New York judgment was in Chester County by exemplification and the judgment record was not before the court below and is not before this Court. It was impossible below to determine whether irregularities and illegalities appeared on the face of the record of the entry of this judgment and similarly impossible here.

The plaintiff relies on Pennsylvania Rule of Civil Procedure 3122 where it is provided that: "When the writ is issued to another county, proceedings for stay shall, at the option of defendant, be taken in the county from which the writ issued or to which it is directed. Interpleader proceedings and all other proceedings *relating to the levy* shall be carried on only in the county where the levy is made." (Emphasis—the writer.)

Defendant contends and the plaintiff admits that under this rule a judgment defendant may petition for a stay of execution in a county where the levy proceedings are being conducted. The plaintiff contends, however, that the defendant is, by his petition, attacking the judgment upon which the levy is based and that the rule does not provide for this.

The court below went to the crux of the problem by saying: "Defendant claims that 'all other proceedings' includes Motions to Strike Judgments. However, defendant ignores the important phrase 'relating to the levy'."

The Philadelphia Court of Common Pleas is asked to decide the propriety of a judgment without a record of the judgment. As the court below said: "The question of any irregularities on the face of the New York Court's record does not relate to the levy against defendant's bank account in Philadelphia County. Questions as to the ownership of the property or the value

of that property would be examples of issues which relate to the levy and which would be properly before this Court. But the propriety of the original judgment in New York does not relate to the levy itself. Furthermore, if this Court would accept defendant's argument, it would be placing itself in the untenable position of having to rule on the validity of a judgment when it did not even have the record before it."

Defendant's second and third contentions point up themselves the anomalous position of this company since the arguments themselves allege errors on the face of a record not before the court.

Order affirmed.