Ezra C. Stair and Lois A. Stair, His Wife *v.* Commonwealth of Pennsylvania, for the use of the Pennsylvania Game Commission. Ezra C. Stair and Lois A. Stair, His Wife, Appellants.

Argued December 10, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

N. *Brian Caverly*, with him *John C. Eichorn*, and *Aston, Fine, McHugh, Caverly, Wetzel & Geist, P.C.* for appellants.

*Jeffrey Cooper*, Assistant Attorney General, with him *Benjamin B. Solomon*, Assistant Attorney General, *Norman J. Watkins*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 4, 1977:

This appeal arises from an order of the Board of Property (Board) dismissing appellants' petition for want of jurisdiction. We reverse and remand.

Appellants allege ownership of certain culm banks located on land acquired by the Commonwealth for the use of the Pennsylvania Game Commission. All parties agree that the culm banks constitute personal property.[1] Appellants claim title to the culm and the Commonwealth claims title to the land by virtue of deeds from a common grantor. Appellants seek to remove the culm banks and ask for reimbursement for any part thereof which has been appropriated by the Commonwealth.

---

[1] *See, e.g., Lehigh Coal Co. v. Wilkes-Barre & Eastern Railroad Co.*, 187 Pa. 145, 41 A. 37 (1898).

Appellants filed a petition before the Board to which the Commonwealth filed preliminary objections attacking the Board's jurisdiction.[2] After a hearing, the Board dismissed appellants' petition holding that the issue involved appropriation of personal property over which the Board had no jurisdiction. This appeal followed.

The jurisdiction of the Board is conferred by Section 1207 of the Administrative Code of 1929.[3] It provides:

The Board of Property shall, subject to any inconsistent provisions in this act contained, continue to exercise the powers and perform the duties by law vested in and imposed upon the said Board.

It shall hear and determine, in all cases of controversy on caveats, in all matters of difficulty or irregularity touching escheats, warrants on escheats, warrants to agree, rights of preemption, promises, imperfect titles, or otherwise, which heretofore have or hereafter may arise in transacting the business of the Land Office in the Department of Community Affairs: Provided, however, That no determination of the Board of Property shall be deemed, taken or construed to prevent either of the parties from bringing their action at the common law, either for the recovery of possession or determining damages for waste or trespass.

The Board of Property shall also have jurisdiction to hear and determine cases involving the title to land or interest therein brought

---

[2] Appellants originally filed a statement of claim with the Board of Claims. This claim was dismissed on the ground that jurisdiction rested with the Board of Property.

[3] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §337.

by persons who claim an intereset in the title to lands occupied or claimed by the Commonwealth.[4]

. . . .

This case does not simply involve the appropriation of personal property as the Commonwealth contends. At issue is whether the ownership of the culm banks creates a controversy "involving the title to land or interest therein" within the meaning of Section 1207. We believe that it does, because if title to the culm can be proven, appellants would have an easement to enter the land to remove their property.[5] While the Board may incidentally have to first determine title to the culm, this does not preclude the Board's juris-

---

[4] Jurisdiction is sought under paragraph 3, added by the Act of July 29, 1953, P.L. 1023. The plain intent of the amendment is to expand the jurisdiction of the Board by granting to it power to hear cases involving title or interest in *all* lands held by the Commonwealth.

A contrary interpretation is found in dicta in *Bannard v. New York State Natural Gas Corporation*, 404 Pa. 269, 278, 172 A.2d 306, 311 (1961), which stated: "[T]he Board's jurisdiction is not extended and enlarged to *all* cases which may arise but only such cases where the claims arose out of the operation of the Land Office." Under such an interpretation the Board would have no jurisdiction because the land in question was purchased by the Commonwealth and thus is not Public Land within the meaning of the Pennsylvania Public Lands Act. Act of July 9, 1959, P.L. 510, *as amended*, 64 P.S. §601 et seq.

We can find no basis in the amendment's legislative history or otherwise to impliedly amend the paragraph to apply only to Public Lands.

[5] The continuing right of the owner of a culm bank after his right of possession of the realty is terminated is well established. *Sturdevant v. Thompson*, 280 Pa. 233, 124 A. 434 (1924). The right of a person to recover his personal property from the land of another is similarly well established. *Commonwealth v. Peterman*, 130 Pa. Superior Ct. 497, 198 A. 687 (1938) (defense to trespass action). When the recovery of personalty is of the magnitude of this case, the right of entry takes on the character of an easement.

diction when such a determination is necessary to decide whether an interest in land exists.

We must, therefore, reverse and remand this case for a determination of whether appellants have title to the culm banks and, if so, to determine appellants' right of entry upon the Commonwealth's land. The Board may not grant damages for an unlawful appropriation, however. Granting such an award would be beyond the Board's statutory authority.[6]

Accordingly, we will enter the following

ORDER

Now, February 4, 1977, the order of the Board of Property, filed March 25, 1976, is reversed and the record is remanded for a determination on the merits.

---

[6] A decision for the appellants upon remand may not mean that they can immediately proceed in recovering their property. Other legal requirements may first have to be met. For example, in *Ginter Coal Co. v. Environmental Hearing Board*, 9 Pa. Commonwealth Ct. 263, 306 A.2d 416 (1973) we held that the *mining* of coal culm is "surface mining" within the meaning of the Surface Mining, Conservation and Reclamation Act. Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. §1396.2 et seq.