Jesse G. Hoyman and Lillian Hoyman, Plaintiffs *v.* Commonwealth of Pennsylvania, Acting Through the Department of Environmental Resources, Defendant.

Argued February 4, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Joseph B. Mitinger,* with him *Mitinger and Mitinger,* for plaintiff.

*David E. Lehman,* with him *Harvey Freedenberg,* and *McNees, Wallace & Nurick,* for defendant.

OPINION BY JUDGE WILKINSON, March 7, 1977:

Plaintiffs bring this action to quiet title against the Commonwealth of Pennsylvania, acting by and through the Department of Environmental Resources (DER), invoking the original jurisdiction of this Court under Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1). Preliminary objections questioning this Court's jurisdiction and in the nature of a demurrer were filed by the Commonwealth grounded upon sovereign immunity and the exclusive jurisdiction of the Board of Property (Board). Plaintiffs contend that the Board's jurisdiction is limited to cases arising from the operation of the Land Office and, alternatively, that the Commonwealth Court has concurrent jurisdiction over this matter. We sustain the Commonwealth's demurrer and transfer the action to the Board.

In *Stair v. Commonwealth ex rel. Pennsylvania Game Commission,* 28 Pa. Commonwealth Ct. 457, 368 A.2d 1347 (1977), we concluded that the 1953 amendment to Section 1207 of the Administrative Code of 1929[1] expanded the jurisdiction of the Board by granting it power "to hear cases involving title or interest in *all* lands held by the Commonwealth." *Id.* at 460 n.4, 368 A.2d at 1348 n.4. (Emphasis in original.) Un-

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §337.

der *Stair*, this action to quiet title would fall within the Board's jurisdiction.

Because our jurisdiction is barred by the still established rule that the Commonwealth cannot be sued without its consent, Pa. Const. art. I, §11; *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973), we need not decide whether absent sovereign immunity we would have concurrent jurisdiction over this matter.[2] The limitations to sovereign immunity were explained by the Supreme Court in *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A.2d 111 (1963).

> The distinction is clear between suits against the Commonwealth which are within the rule of its enforcing the immunity and suits to restrain officers of the Commonwealth from provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials* or *to obtain money damages* or *to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek *to restrain state officials* from performing affirmative acts are not within the rule of immunity. (Emphasis in original.)

*Id.* at 576, 190 A. 2d at 114.

An action to quiet title is unlike actions to enjoin public officials from acting illegally or from implementing unconstitutional legislation. In those cases, because the official conduct is beyond the law, suits against officials *are not* considered suits *against* the Commonwealth. This action, however, *is against* the sovereign and would directly affect its interests. While our research shows no reported quiet title ac-

---

[2] Section 401(c) explicitly holds that Section 401(a)(1) "shall not be construed as a waiver by the Commonwealth of immunity to suit."

tion against the Commonwealth, our decision is in accord with the result reached in a majority of jurisdictions. *E.g., State ex rel. Rheinfrank v. Gienow,* 20 Ohio St. 2d 17, 252 N.E. 2d 163 (1969).

The fact that the Commonwealth has waived its immunity to quiet title actions before the Board cannot be construed as a waiver of immunity in any other forum. "Where a State through its Legislature consents to be sued, the modes, terms and conditions of the statute conferring such privilege . . . must be strictly construed and followed [Citations omitted.]" *Land Holding Corporation v. Board of Finance & Revenue,* 388 Pa. 61, 65, 130 A.2d 700, 703 (1957).

Accordingly, we will enter the following

ORDER

Now, March 7, 1977, the preliminary objection of the Commonwealth of Pennsylvania in the nature of a demurrer is sustained and it is ordered that the record be transferred to the Board of Property for further proceedings.