Richard D. Mase, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 7, 1979, before Judges BLATT, DISALLE and CRAIG, sitting as a panel of three.

*Leslie B. Handler,* with him *Handler and Wiener,* for petitioner.

*John W. Carroll,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 4, 1979:

Petitioner Richard Mase initiated this action by filing a petition for declaratory judgment in this Court, naming only the Commonwealth of Pennsylvania as respondent. Before learning that this Court had determined to treat the action as a petition for review, the Commonwealth, through the Department of Environmental Resources, filed an answer to the original petition; upon learning of the court's determination, the respondent then filed preliminary objections to the petition, which objections are now before us.

Petitioner alleges that he is the lessee of certain mineral rights in lands held in fee by the Commonwealth subject to a prior reservation of those rights. He particularly alleges that he holds the right to extract coal from those lands by the process of strip-mining, and further that the Commonwealth contends he does not have such a mining right.

The preliminary objections filed by the Commonwealth are several: They address the jurisdiction of this Court, the sovereign immunity of the Commonwealth from suits for declaratory relief relating to the construction of deeds, the sufficiency of the averments in the petition, and a question of joinder of parties.

The Commonwealth bases its jurisdictional objection on the view that this claim is within the exclusive embrace of the Commonwealth's Board of Property (board).

Because that jurisdictional question is dispositive, we need not address the remaining objections.

It is well settled that a claim such as petitioner alleges, *i.e.*, the right to extract coal, minerals, or the like from the land of another, is itself an interest in land. This doctrine has not been ambiguous. In *Shenandoah Borough v. City of Philadelphia*, 367 Pa. 180,

186, 79 A.2d 433, 436 (1951), Mr. Justice BELL, for the court, said:

> [T]he law is long and well settled in Pennsylvania that ' "the grant of a right to mine coal in the lands of the lessor and remove it therefrom, . . . is a grant of an interest in the land itself, and not a mere license. . . ." '

See also *Schuster v. Pennsylvania Turnpike Commission*, 395 Pa. 441, 149 A.2d 447 (1959); *Smith v. Glen Alden Coal Co.*, 347 Pa. 290, 32 A.2d 227 (1943); *Huff v. McCauley*, 53 Pa. 206 (1866).

The jurisdiction of the board extends to "cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth". Section 1207 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §337. Petitioner mistakenly argues that because no challenge to the Commonwealth's ownership is offered, the board has no jurisdiction. The statute is plainly to the contrary: cases need only "involve" the title "or interest therein"; no direct attack on the Commonwealth's fee title is required.

The action here is one which sounds in quiet title in that an action of ejectment would not lie. Pa. R.C.P. §1061(b)2. The exclusivity of the board's jurisdiction over such actions, when brought against the Commonwealth, was upheld by this Court in *Hoyman v. Department of Environmental Resources*, 29 Pa. Commonwealth Ct. 131, 370 A.2d 753 (1977). There the court stated, at 134, 370 A.2d 754:

> The fact that the Commonwealth has waived its immunity to quiet title actions before the Board cannot be construed as a waiver of immunity in any other forum. 'Where a State through its Legislature consents to be sued, the modes, terms and conditions of the statute

conferring such privilege . . . must be strictly construed and followed [Citations omitted.]' Land Holding Corporation v. Board of Finance & Review, 388 Pa. 61, 65, 130 A.2d 700, 703 (1957).

Because jurisdiction over petitioner's claim lies exclusively with the Board of Property, we accordingly sustain the preliminary objections of the respondent, and order that the record be transferred to that board for further proceedings.

ORDER

AND Now, this 4th day of October, 1979, the preliminary objection of the Commonwealth of Pennsylvania raising the question of jurisdiction of this Court is sustained, and it is ordered that the record be transferred to the Board of Property for further proceedings.