Jesse G. Hoyman and Lillian Hoyman, his wife, Petitioners *v.* Commonwealth of Pennsylvania, Acting Through the Department of Environmental Resources, Respondents.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Richard E. Myers,* with him *Alex E. Echard, Bertani & Myers,* for petitioners.

*David E. Lehman, McNees, Wallace & Nurick,* for respondent.

OPINION BY JUDGE WILKINSON, JR., June 27, 1980:

Jessie G. Hoyman and Lillian Hoyman (Hoymans) assert their title to sixty acres of land in Donegal Township, Westmoreland County against the claim of the Commonwealth of Pennsylvania.[1] The Hoymans claim was heard by the Board of Property (Board), a body made up of the Secretary of Community Affairs, the Secretary of the Commonwealth and the Attorney General.

By order of July 2, 1979 the Board determined that superior title to the disputed tract was in the Commonwealth of Pennsylvania through the Department of Environmental Resources. The members of the Board were each represented by a deputy or other designee in that decision.

The Hoymans filed a timely appeal to this Court in which they raise for the first time an objection to the action of the Board based on the fact that the Board's members acted through designees rather than in person.

Section 406 of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §116, provides that the Board shall consist of the Secretary of Community Affairs, the Secretary of the Commonwealth and the Attorney General. However, Section 206 of the Code, 71 P.S. §66, states that a department head shall act either personally, by a deputy

---

[1] Originally an action to quiet title was filed in this Court but the action was transferred to the Board of Property. *Hoyman v. Department of Environmental Resources,* 29 Pa. Commonwealth Ct. 131, 370 A.2d 753 (1977).

or by a duly authorized agent or employee of the department in exercising the powers and duties vested in the department. *See William H. Beard, Inc. v. State Board of Undertakers,* 65 Dauph. 364 (1953); *Insurance Department v. Sneyd,* 88 D. & C. 97 (1953).

Even more fundamentally, we cannot now consider the Hoymans' objections not raised below. *Brose v. Easton Parking Authority,* 44 Pa. Commonwealth Ct. 24, 403 A.2d 178 (1979). *Cf., Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Having failed to raise it heretofore, the issue of the proper authority of designees to act for members of the Board is waived on appeal. No other issue having been raised for our consideration, we must affirm. Accordingly, we will enter the following

ORDER

AND Now, June 27, 1980, the order of the Board of Property of the Commonwealth of Pennsylvania dated July 2, 1979 on the Petition of Jesse G. Hoyman and Lillian Hoyman, determining title to a tract of land to be in the Commonwealth of Pennsylvania through the Department of Environmental Resources is hereby affirmed.