541 A.2d 430

James McCullough, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued February 22, 1988, before Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Lewis Kates, Kates & Mazzocone,* for appellant.

*Donald H. Pourman,* Assistant Counsel, with him, *Scott M. Olin,* Assistant Counsel, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, May 17, 1988:

Mr. McCullough (Appellant) appeals here from an order of the Court of Common Pleas of Philadelphia County which sustained the preliminary objection of the Pennsylvania Department of Transportation (DOT) to the jurisdiction of that court and transferred the case to this Court.

Appellant filed an action to quiet title in the court of common pleas alleging, *inter alia,* that he was the owner of an unencumbered fee in real estate known as 223-225 North 16th Street, Philadelphia, Pennsylvania; that in 1970 DOT condemned an easement for highway purposes with respect to those premises; and, that in 1983 DOT abandoned the purpose for which it condemned the premises and no longer had need for an easement for highway purposes over the premises. Appellant requested the court of common pleas to enter a final decree declaring that Appellant was the owner in fee of the premises unencumbered by any easement.

DOT filed preliminary objections, one of which raised the issue of the jurisdiction of the court of com-

mon pleas. DOT stated in that objection that jurisdiction of the case lay either in the Board of Property pursuant to the provisions of Section 1207 of The Administrative Code of 1929 (Administrative Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §337, or in this Court by virtue of the provisions of Section 761 of the Judicial Code, 42 Pa. C. S. §761. As we have noted, the trial court sustained the objection and transferred the case to this Court. *See* Pa. R.A.P. 751(a).

Citing Pa. R.C.P. No. 1062, which provides that actions to quiet title may be brought in and only in the county where the land in question is located, Appellant contends that this case properly belongs in the Court of Common Pleas of Philadelphia County. Rule 1062 relates to venue; it does not give a court of common pleas jurisdiction. *Kister v. Commonwealth,* 77 Pa. Commonwealth Ct. 430, 465 A.2d 1333 (1983), also cited by Appellant, involved an action to quiet title commenced in Somerset County to remove a cloud on title to land where both the Pennsylvania Fish Commission and landowners entered into oil and gas leases for the same property. The court of common pleas dismissed the action for lack of jurisdiction. The landowners then commenced the action before the Board of Property. That Board held it did not have jurisdiction and, upon appeal to this Court, we reversed and directed the Board to decide the issues. It is plain to see that *Kister* in no way supports Appellant's position in the instant case.

In his opinion in support of his order, the trial judge here concluded that since this case was against the Commonwealth and none of the exceptions set forth in Section 761(a)(1) of the Judicial Code were applicable, this Court had jurisdiction.

Section 1207 of the Administrative Code, however, provides that the Board of Property shall have jurisdiction "to hear and determine cases involving the title to

land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth." This Court has consistently held that that language vests in the Board of Property exclusive jurisdiction to determine the title to real estate or to remove a cloud on title to such real estate where private property owners and the Commonwealth claim an interest in the same real estate. *See Miller v. Commonwealth of Pennsylvania Board of Property,* 111 Pa. Commonwealth Ct. 240, 533 A.2d 819 (1987), *Hoyman et ux. v. Department of Environmental Resources,* 29 Pa. Commonwealth Ct. 131, 370 A.2d 753 (1977) and *Stair et ux. v. Commonwealth,* 28 Pa. Commonwealth Ct. 457, 368 A.2d 1347 (1977).

Although Appellant argues that his case can be distinguished from those cases which we have transferred to the Board of Property involving similar issues, we can see no such distinction.

Appellant's brief, page 7, says that this case "concerns only whether or not PennDOT abandoned the highway easement it had obtained in the 1970 condemnation." It seems to us that a determination of that issue clearly involves a determination of an interest in land claimed by the Commonwealth, a matter specifically within the jurisdiction of the Board of Property.

We, accordingly, must reverse the order of the trial court and transfer this case to the Board of Property.

## ORDER

The order of the Court of Common Pleas of Philadelphia County transferring this case to this Court is reversed. The case is hereby transferred to the Board of Property. The Chief Clerk shall transmit the record in this matter along with a certified copy of the docket entries to the Board of Property.

Jurisdiction relinquished.