## Old Forge School District v. Thorne

*Lawrence Moran,* for petitioner.
*Ralph Carey,* for respondent.

WALSH, *P.J.* December 19, 1990 — This suit comes before us today by way of the Old Forge School District's petition to strike off a judgment or in the alternative to open the judgment. Before discussing the merits of petitioner's claim, we will briefly set forth the factual and procedural history of the case.

The Thorne's purchased the premises known as 1276 Mine Street, Old Forge, Pennsylvania, sometime in 1962. The purchase is evidenced by a deed dated October 6, 1963 which is recorded in Lackawanna County Deed Book 596, page 604. The premises are described as being 50 feet in front and 160 feet in depth, being lot no. 118 as shown upon map identified as "Smith Lots," Austin Heights, which was recorded on December 15, 1899 in Map Book no. 1, page 79.

In 1985 the Thornes, upon reviewing their deed after paying off their mortgage, discovered that they did not own all the land in their possession. They subsequently initiated an action to quiet title against the original developers of the "Smith Lots," their successors and all other parties who claimed title by, through or from any of them in regard to the

parcel described as lot 117 in the "Smith Lots."* Final judgment was entered in favor of the Thornes on December 12, 1985.

In May 1987, the owner of lot no. 116, Dorothy Yaroslosky, in the aforesaid "Smith Lots" filed an action of ejectment against the Thornes docketed to no. 87 Civil 2412 in the Court of Common Pleas of Lackawanna County. Yaroslosky claimed a portion of lot 117 by asserting ownership by adverse possession for 21 years. By order of court per Harhut, *J.*, the Thornes were directed to convey a strip of lot no. 117 by quitclaim deed. The Thornes by deed dated April 21, 1988 conveyed a strip of land beginning six feet in front on Mine Street, five feet in the rear and 55 feet in depth.

The school district filed the present petition on April 28, 1988. The petition requests that we strike the judgment entered December 12, 1985, or in the alternative that we open the said judgment. The district claims title to lot no. 117 through a conveyance by Rudolph Yagoda to the district in 1916. The deed evidencing this conveyance was recorded May 22, 1916 in Deed Book 288, page 125. The abstract of title shows the aforementioned Smiths conveying the land to John Tetlock on April 31, 1904. Mr. and Mrs. Tetlock deeded the land to Rudolph Yagoda on May 6, 1916 and Mr. Yagoda subsequently sold the property to the school district for $175.

The school district was never served with a copy of the quiet title action nor was the district named as a defendant. Therefore, they never had the oppor-

---

* The caption to the action to quiet title read: "Ronald F. Thorne and Delores I. Thorne, his wife, v. H.G. Smith and Rhea Smith, his wife, of Clarks Summit, Pa., T.B. Smith and Fannie Smith, his wife, J. Frank Smith and Anna Smith, his wife, and Mame A. Smith and J. Frank Smith, her attorney in fact, all of Wyoming, Luzerne County, their heirs, executors, administrators, successors and assigns and any and all persons claiming by, through or from any of them."

tunity to object to the suit. The district also claims in their petition that they own the subject lot no. 117 and that the Thornes are barred from claiming title to this property through adverse possession.

A motion to strike off a judgment is in the nature of a demurrer to the record. The general rule is that a judgment regular on its face will not be stricken from the record. It is only when the fact upon which the court is asked to strike off a judgment, regular on its face, is admitted or not questioned that it may be stricken off. *Peterson v. Schultz*, 162 Pa. Super. 469, 58 A.2d 360 (1948). A motion to strike off a judgment is confined to matters of record. *F.C.L. Games Inc. v. Safeguard Mutual Insurance Company*, 226 Pa. Super. 84, 310 A.2d 285 (1973).

Petitioners rely on the case of *Hoyman v. Commonwealth of Pennsylvania*, 29 Pa. Commw. 131, 370 A.2d 753 (1977), for the proposition that an action to quiet title may not be brought against the Commonwealth since such action is barred by the doctrine of sovereign immunity. Petitioners' reliance is misplaced. *Hoyman* dealt with an action against the Commonwealth's Department of Environmental Resources. *Hoyman*, 29 Pa. Commw. at 132, 370 A.2d at 753. The present case is clearly distinguishable.

The Old Forge School District is a political subdivision of the Commonwealth. Pennsylvania case law clearly demonstrates that a party cannot assert a claim of adverse possession against the Commonwealth. *Hostetter v. Commonwealth*, 367 Pa. 603, 80 A.2d 719 (1951). However, a party can obtain title to property by adverse possession when the property is owned by a political subdivision unless such property has been devoted to public use. *Torch v. Constantino*, 227 Pa. Super. 427, 323 A.2d 278 (1974). Pennsylvania does recognize that local governments have immunity from a claim of adverse

possession when the land in question is devoted to public use. *Id.* The record before us is void of any evidence as to the use of the parcel in question or whether it was devoted for public use.

The record before us reveals that petitioner claims to own lot no. 117, which is the basis of their petition. However, the Thornes have not admitted that the district owns the lot and they specifically deny, in their answer to the petition, the district's claim of ownership. With the aforementioned standard in mind and the case law dealing with adverse possession of a political subdivision's property, we do not believe the judgment should be stricken. However, for the reasons set forth below, we will grant petitioner's petition to open the judgment.

The facts reveal that the school district's claim of ownership may be valid. The deed conveying title to the district was recorded. The fact that the Thorne's title search failed to identify this deed was detrimental to the district's claim. Since the deed was not discovered, the Thorne's failed to notify the district of their action. All these mistakes were the result of the negligent abstract. If the district was notified they could have made their case in the quiet title action. We will not strike the judgment because the district still has the burden of proving the parcel was devoted to public use. Failure by the district to meet this burden will vest title in the Thornes. Accordingly, the judgment entered on December 12, 1985 will be opened.

An order granting the school district's petition to open the judgment will be entered.

## ORDER

Now, December 19, 1990, it is hereby ordered and decreed that the Old Forge School District's petition to open judgment is granted.