David A. KRULAC, Appellant,

v.

### COMMONWEALTH of Pennsylvania, PENNSYLVANIA GAME COMMISSION.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1997.

Decided Nov. 19, 1997.

---

Norman M. Yoffe, Camp Hill, for appellant.

Bradley C. Bechtel, Asst. Counsel, Harrisburg, for appellee.

Before SMITH and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

David A. Krulac (Krulac) appeals from an order of the Court of Common Pleas of Dauphin County dismissing his action in ejectment filed against the Pennsylvania Game Commission (Commission) for lack of jurisdiction. The issue raised on appeal is whether the Board of Property has exclusive original jurisdiction over Krulac's action in ejectment and claim for damages under Section 1207 of The Administrative Code (Code) of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 337.

On May 15, 1995, Krulac filed a complaint in ejectment against the Commission, alleging that he is the legal owner of the land located in Lykens Township and Wiconisco Township, Dauphin County, having acquired title to the land from George W. Umholtz, Jr. by deed recorded on December 5, 1989, and that the Commission, the owner of a similarly configured adjoining tract of land, has been unlawfully occupying his land claiming its ownership. Krulac sought possession of the land and damages caused by the Commission's trespass over his land.

The Commission filed preliminary objections to the complaint, alleging, *inter alia,* that the trial court lacked subject matter jurisdiction under Section 1207 of the Code, which vests in the Board of Property exclusive jurisdiction over an action involving a claim of an interest in lands occupied or claimed by the Commonwealth.[1] After oral argument, the trial court dismissed Krulac's action, concluding that the Board of Property has exclusive jurisdiction to hear and determine Krulac's action in ejectment and claim for damages.

Section 1207 of the Code sets forth the powers and duties of the Board of Property as follows:

The Board of Property shall, subject to any inconsistent provisions in this act contained, continue to exercise the powers and perform the duties by law vested in and imposed upon the said board.

It shall hear and determine, in all cases of controversy on caveats, in all matters of difficulty or irregularity touching escheats,

1. The Commission further alleged that (1) Krulac's action constitutes impermissible collateral attack on the April 30, 1987 decision of the Board of Property, which held that George W. Umholtz, Jr., the alleged former owner of the land in question, did not acquire valid title, and (2) Krulac violated Pa. R.C.P. No. 1054 in failing to adequately describe the land and set forth an abstract of the title upon which he relies.

warrants on escheats, warrants to agree, right of preemption, promises, imperfect titles, or otherwise, which heretofore have or hereafter may arise *in transacting the business of the Land Office in the Department of Community Affairs:* Provided, however, That no determination of the Board of Property shall be deemed, taken and construed to prevent either of the parties from bringing their action at the common law, *either for the recovery of possession or determining damages for waste or trespass.* (Emphasis added.)

The Board of Property shall also have jurisdiction to hear and determine *cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth.* (Emphasis added.)

The board shall make its determination within thirty (30) days after the final hearing on any of the above matters.

Section 1207 of the Code, as enacted in 1929, contained only the first and second paragraphs, under which the jurisdiction of the Board of Property was limited to cases arising out of the operation of the Land Office, i.e., where there were adverse claimants of title to land originally granted by the Commonwealth by warrants or patents. *Bannard v. New York State Natural Gas Corp.*, 404 Pa. 269, 172 A.2d 306 (1961).[2] Subsequently in 1953, Section 1207 of the Code was amended adding the third and fourth paragraphs.

2. The Board of Property is now placed and made a departmental administrative board in the Department of Community and Economic Development, formerly the Department of Community Affairs; and, the Land Office is now an administrative entity located in the Pennsylvania Historical and Museum Commission. Sections 901 and 902 of the Act of June 27, 1996, P.L. 403, 71 P.S. §§ 1709.901–1709.902.

3. Krulac seems to suggest that there is an irreconcilable conflict between the second and third paragraphs of Section 1207 as to the jurisdiction of the Board of Property over an action in ejectment and a claim for damages. Assuming that such conflict exists, the later enacted third paragraph should control over the second paragraph. *See* Section 1934 of the Statutory Construction

Krulac contends that the trial court has concurrent jurisdiction over his action under the proviso set forth in the second paragraph of Section 1207.

However, the proviso in the second paragraph does not grant the trial court jurisdiction over an action seeking possession of land and damages. It provides only that either party is not prevented from filing such action at common law notwithstanding the decision of the Board of Property. In this matter, the Commission does not dispute Krulac's right to bring an action in ejectment and seek damages.[3]

As this Court previously stated, the plain intent of the legislature in adding the third paragraph was "to expand the jurisdiction of the Board of Property by granting ... it power to hear cases involving title or interest in *all* lands held by the Commonwealth." *Stair v. Pennsylvania Game Commission*, 28 Pa.Cmwlth. 457, 368 A.2d 1347, 1348 n. 4 (1977) (emphasis in original).[4]

Based on such legislative intent, this Court has consistently held that the third paragraph of Section 1207 vests in the Board of Property *exclusive* original jurisdiction over *any* claims involving title to land occupied or claimed by the Commonwealth, such as claims in actions to quiet title. *See McCullough v. Department of Transportation*, 116 Pa.Cmwlth. 215, 541 A.2d 430 (1988); *Pennsylvania Game Commission v. Bowman*, 81 Pa.Cmwlth. 381, 474 A.2d 383 (1984); *Kister v. Pennsylvania Fish Commission*, 77 Pa. Cmwlth. 430, 465 A.2d 1333 (1983); *Hoyman v. Department of Environmental Resources,*

Act of 1972, 1 Pa.C.S. § 1934, which provides that "whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail."

4. In *Bannard*, the Pennsylvania Supreme Court held that Section 1207 was not applicable in the action in ejectment between the private parties. In so holding. the Court further indicated that the third paragraph of Section 1207 only extends the Board of Property's jurisdiction to cases where the claims arose out of the operation of the Land Office and that the Board does not have exclusive jurisdiction under the third paragraph. However, the Court's statements are merely dicta and therefore are not controlling on the issue of the Board's jurisdiction.

29 Pa.Cmwlth. 131, 370 A.2d 753 (1977); *Stair.*

In an ejectment action, title to the land in question is an essential element in determining entitlement to possession. *Carelli v. Lyter*, 430 Pa. 543, 244 A.2d 6 (1968). Because the instant ejectment action thus involves a determination of title to the land allegedly occupied or claimed by the Commonwealth, the Board of Property has exclusive jurisdiction under Section 1207.

While the Board of Property has exclusive jurisdiction over the action in ejectment, Section 1207 of the Code does not expressly grant the Board authority to award damages for trespass. *Stair.*

Under Section 761(a)(1)(v) of the Judicial Code, *as amended*, 42 Pa.C.S. § 761(a)(1)(v), this Court does not have original jurisdiction over "actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass." Section 931(a) and (b) of the Judicial Code, 42 Pa.C.S. § 931(a) and (b), provides that unless exclusive or concurrent original jurisdiction is vested in another court, the courts of common pleas shall have unlimited exclusive original jurisdiction. Consequently, the trial court has exclusive original jurisdiction over Krulac's claim for damages caused by trespass.

The Commission argues that the proper procedure for Krulac's claim for damages is under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903. Under Sections 761(a)(1)(ii) and Section 931(a) and (b) of the Judicial Code, however, the trial court has exclusive original jurisdiction over eminent domain proceedings. Therefore, regardless of whether Krulac's claim for damages may proceed on the trespass theory or should be addressed in a condemnation proceeding, the trial court has original jurisdiction to consider such claim.

Accordingly, the trial court's decision is affirmed on the issue of jurisdiction over the action in ejectment and reversed on the issue of jurisdiction over the claim for damages. The action in ejectment is transferred to the Board of Property for its consideration, and the claim for damages is remanded to the trial court. The trial court shall stay all proceedings pending the outcome of the action in ejectment.

### ORDER

AND NOW, this 19th day of November 1997, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed as to the issue of jurisdiction over the action in ejectment and reversed as to the issue of jurisdiction over the claim for damages. The action in ejectment is transferred to the Board of Property for its consideration, and the claim for damages is remanded to the trial court with instruction that it shall stay all proceedings pending the outcome of the action in ejectment.

Jurisdiction relinquished.