**MAHANOY TOWNSHIP AUTHORITY,**
Petitioner

v.

**PENNSYLVANIA GAME
COMMISSION,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2003.

Decided Dec. 4, 2003.

Michael D. Klein, Harrisburg, for petitioner.

William R. Pouss, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Mahanoy Township Authority (Authority) petitions for review from a decision of the Board of Claims (Board) which granted the preliminary objections of the Pennsylvania Game Commission (Game Commission) and determined that it did not have jurisdiction over the claim filed by Authority. We reverse.

By deed dated February 20, 1989, Authority conveyed to the Commonwealth, for use by the Game Commission, more than 1,000 acres of land (Land) which includes the Lofty Reservoir (Reservoir) in Schuylkill County. The stated consideration was $1.00.

As part of the deed agreement, Authority retained the right to continue to use the Land and Reservoir for public water supply purposes. In addition the Game Commission agreed to maintain the premises. The deed contains the following language:

It is hereby agreed and understood by the parties hereto [Authority and Game Commission] that the Grantee [Game Commission] will assume the sole responsibility of maintaining the above-described premises, including the performance of dam rehabilitation as mandated by the Pennsylvania Department of Environmental Resources.

After acquiring the land, the Game Commission engaged in regular maintenance of the Reservoir. In October 1999, a bulge was detected in the earthen retaining wall. Game Commission maintains that it contacted the Pennsylvania Department of Environmental Protection (DEP), successor to the Pennsylvania Department of Environmental Resources, to examine the safety and condition of the Reservoir.

Authority maintains that since the bulge was discovered at the Reservoir, it has asked the Game Commission to maintain and repair the Reservoir as required by the Deed, but that the Game Commission has refused to do so. Authority maintains that the bulge creates a situation where the dam structure could fail and break thereby causing a disaster including the inability of Authority to continue using the Reservoir as a water supply. In order to maintain the Reservoir, Authority expended funds so that it could maintain its public water supply.

On April 9, 2002, Authority filed a claim with the Board of Claims alleging a breach of contract, a breach of implied contract and unjust enrichment. Authority also sought an interpretation of the Game Commission's continuing obligations to maintain the Reservoir under the deed. Game Commission filed preliminary objections challenging the jurisdiction of the Board of Claims and alleging that the claim failed to state a legal basis for recovery. In a decision dated November 4, 2002, the Board of Claims dismissed Authority's

claim concluding that it did not have subject matter jurisdiction inasmuch as interpretation of the deed was at issue and that therefore jurisdiction properly belonged with the Board of Property. This appeal followed.

▮ In reviewing a decision of the Board of Claims our review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Board,* 559 Pa. 56, 739 A.2d 133 (1999).

The initial issue before this court is whether the Board of Claims or the Board of Property has jurisdiction over Authority's claim.

At the time this matter was decided, the jurisdiction of the Board of Claims in accordance with Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651-4, was as follows:

> The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.[1]

The jurisdiction for the Board of Property in accordance with Section 1207 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 337, is as follows:

> The Board of Property shall also have jurisdiction to hear and determine cases involving title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth.

▮ Authority maintains that its claim against the Game Commission involves contractual claims and a request for damages and that jurisdiction is with the Board of Claims. Although the Game Commission's obligation to maintain the Reservoir is contained in a deed, the Board of Claims has jurisdiction over all contractual claims and the Board of Claims should not have dismissed the Authority's claim merely because the Game Commission's contractual obligation is contained in the deed. We agree.

Here, the Board of Claims found, and the Game Commission argues, that the center of this dispute is a deed and not a contract and that the Board of Property therefore has jurisdiction. Although the Board of Claims concluded, and the Game Commission maintains, that jurisdiction for Authority's claim is with the Board of Property, the jurisdiction of the Board of Property is limited to title to land and interests therein. Here, Authority is not challenging the title or ownership of the land nor claiming an interest therein. Merely because a deed is involved in this case, it does not necessarily follow that the Board of Property is automatically vested with jurisdiction. Without any dispute as to title to the land or interest therein, the Board of Property does not have jurisdiction.

▮ Although Authority argues that the deed creates contractual obligations, Game Commission argues that what was created were covenants running with the land and as such, jurisdiction is with the Board of

---

1. This provision was repealed in December 2002 by Act 142 of 2002 and replaced with Section 1724 of the Procurement Code, 62 Pa.C.S. § 1724, which provides that the Board of Claims shall have jurisdiction "(3) Unless otherwise provided by law, a contract entered into by a Commonwealth Agency involving real property interests in which the Commonwealth Agency is the Respondent."

Property. The Game Commission maintains that the agreement to maintain in this case is similar to the assessment covenants considered in *Leh v. Burke,* 231 Pa.Super. 98, 331 A.2d 755 (1974), and *Birchwood Lakes Community Assoc. v. Comis,* 296 Pa.Super. 77, 442 A.2d 304 (1982). In both cases, the covenants were held to be covenants running with the land. We observe that covenants providing for assessment of an annual lien or charge are clearly covenants running with the land and are intended to bind successor in interest and are intended to follow title. *Wild Acres Lake Property & Homeowners Association v. Coroneos,* 690 A.2d 794, 796 (Pa.Cmwlth.1997). This case, however, does not involve an issue similar to an assessment, annual lien or charge and, as such, Game Commission's reliance on the principle involved in these cases is misplaced.

In the past, the Board of Claims has considered contractual claims based on a deed. In *Estate of Clarence Moore v. Department of Conservation and Natural Resources,* 1999 Pa. Bd. Claims Lexis 6 (Docket No. 1010, March 31, 1999), the Board of Claims examined contractual claims based on a deed. Initially, the Board of Claims examined the deed to determine if the Commonwealth made any promises therein. Determining that no promises were made, the Board of Claims determined that the Commonwealth did not breach any obligation in the deed.

Here, like the plaintiff in *Moore,* Authority is alleging contractual claims contained in a deed. Because Authority is alleging a breach of contract, and there is no issue as to title to property or interest therein, jurisdiction is proper with the Board of Claims. The Board of Claims has exclusive jurisdiction over all contractual claims, either express or implied. *Smock v. Commonwealth,* 496 Pa. 204, 436 A.2d 615 (1981).[2]

In view of our determination that the Board has jurisdiction, it is appropriate to remand this case to the Board for consideration of the remaining preliminary objections. Accordingly, we reverse the decision of the Board and remand to the Board to address the remaining preliminary objections.

## *O R D E R*

Now, December 4, 2003, the decision of the Board of Claims in the above captioned matter is reversed. The case is remanded to the Board.

Jurisdiction relinquished.

---

2. Authority also maintains that the Board of Property does not have jurisdiction inasmuch as the Administrative Code of 1929 does not expressly grant the Board of Property authority to award damages and Authority is seeking damages in this case. Merely because a party is seeking damages it does not follow, however, that the Board of Property cannot decide issues involving title to land. In *Krulac v. Pennsylvania Game Commission,* 702 A.2d 621 (Pa.Cmwlth.1997), Krulac filed an action in ejectment against the Game Commission with the trial court. Krulac sought possession of the land and damages caused by the Game Commission's trespass over the land.

The trial court dismissed the action determining that exclusive jurisdiction over Krulac's action in ejectment and claim for money damages was with the Board of Property.

This court agreed with the trial court that because the ejectment action involved a determination of title to land allegedly occupied by the Game Commission, the Board of Property had exclusive jurisdiction. As to the request for money damages, however, this court observed that the Board of Property is not expressly granted the authority to award damages. This court determined that the court of common pleas had jurisdiction over Krulac's claim for damages caused by trespass.