IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gas House Gang, LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 716 M.D. 2019 |
| | : | |
| Northeast Marcellus Aqua | : | Submitted: August 19, 2022 |
| Midstream I, LLC and | : | |
| Pennsylvania Department of | : | |
| Transportation, | : | |
| Respondents | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: November 17, 2023

Gas House Gang, LLC (Gas House) petitions this Court for review in our original jurisdiction and brings claims of trespass, unjust enrichment, ejectment, and declaratory judgment against Northeast Marcellus Aqua Midstream I, LLC (Northeast) and the Pennsylvania Department of Transportation (PennDOT) (together, Respondents), related to a subsurface water pipeline (Pipeline) constructed by Northeast. Now before the Court are PennDOT's preliminary objections (POs) to Gas House's petition for review (PFR),[1] in which PennDOT lodges procedural and jurisdictional objections to Gas House's claims. Upon review, we overrule the POs.

---

[1] Gas House initially filed a complaint in the Court of Common Pleas of Wyoming County, Pennsylvania (common pleas), on March 29, 2021. Common pleas transferred the action to this Court on jurisdictional grounds. By order exited on February 8, 2022, we treated the transferred complaint as a petition for review filed in our original jurisdiction.

## I.     FACTS AND PROCEDURAL HISTORY

We review the material facts of this case as they are pleaded in the PFR.  They can be fairly summarized as follows.

Gas House owns a parcel of real property located in Tunkhannock Township, Wyoming County, Pennsylvania (Property).  (PFR ¶ 7.)  The Property is located adjacent to, and extends to the centerline of, Pennsylvania State Route 29 (Route 29), a state highway.  *Id.*  At some point prior to March 2019, Gas House learned that Northeast intended to construct the Pipeline on and under the Property.  *Id.* ¶ 9.  Northeast did not communicate to Gas House in advance its intent to construct the Pipeline, and Gas House did not give it permission to do so.  *Id.* ¶ 11.  On March 29, 2019, Gas House sent a letter to Northeast advising that Gas House owned the Property and did not authorize the construction of the Pipeline.  *Id.* ¶ 12; Exhibit (Ex.) B.  Gas House's counsel sent a follow-up letter to Northeast on July 2, 2019, again advising that Northeast lacked any right to enter upon the Property or construct the Pipeline.  *Id.* ¶ 13; Ex. C.  By that time, however, Northeast had constructed the Pipeline pursuant to an agreement with PennDOT, which has a right-of-way abutting Route 29 and the Property.  *Id.* Ex. C.  Gas House's counsel advised Northeast that Gas House considered the construction of the Pipeline to be a trespass and disputed that PennDOT had a right-of-way that would permit construction of the Pipeline on the Property.  Gas House's counsel further argued that PennDOT did not have any legal right to give Northeast permission to construct the Pipeline.  *Id.*

At some point thereafter, Northeast's counsel advised Gas House's counsel that PennDOT had issued Northeast a highway occupancy permit (HOP) authorizing Northeast to construct the Pipeline within PennDOT's right-of-way abutting Route 29. Gas House's counsel responded by letter on July 22, 2019, in which counsel challenged (1) whether any HOP issued by PennDOT was valid; (2) whether PennDOT may grant

Northeast the right to construct a water pipeline pursuant to the HOP; and (3) whether the Pipeline, in any event, was constructed within PennDOT's right-of-way. *Id.* Ex. D. Gas House maintains that (1) PennDOT does not possess any right to construct a pipeline on the Property; (2) PennDOT lacks any authority to issue a HOP to Northeast or assign any rights to Northeast; (3) PennDOT does not have a right-of-way across the Property; and (4) if PennDOT does have a right-of-way, the Pipeline was not lawfully constructed within the right-of-way. (PFR ¶¶ 20-23.)

On March 29, 2021, Gas House filed its complaint against Respondents in common pleas, in which it asserted four claims: (1) trespass against Northeast, seeking compensatory and punitive damages (Count I); (2) unjust enrichment against Northeast, seeking compensatory damages (Count II); (3) ejectment against both Northeast and PennDOT, requesting judgment in ejectment and restoration to Gas House of full possession of the Property (Count III); and (4) declaratory judgment against Northeast and PennDOT (Count IV). (PFR ¶¶ 25-44.) In its declaratory judgment claim, Gas House requested declarations that (1) PennDOT does not have a right-of-way across the Property at the location where Northeast constructed the Pipeline; (2) PennDOT does not have the right to construct any pipelines on the Property; (3) PennDOT does not have any right to issue any permits regarding, or assign any interests it may have in, the Property; (4) PennDOT does not have the right to grant Northeast any permits or rights authorizing the construction of a pipeline on the Property; (5) Northeast does not have the right, by permit issued by PennDOT or otherwise, to enter upon the Property for any purpose, including the construction of the Pipeline; and (6) Northeast is not a public utility and therefore does not have any associated right to use the Property to construct the Pipeline. (PFR ¶ 59, pp. 11-12.)

3

On June 7, 2021, Northeast filed an answer, new matter, and cross-claim against PennDOT for promissory estoppel. Therein, in pertinent part, Northeast alleged that, prior to beginning construction of the Pipeline, it "secured the express permission from PennDOT by way of [a HOP] to install a sub-surface water facility within the PennDOT right-of-way . . . along [Route 29] in Tunkhannock Township." (Answer, New Matter, and Cross-Claim ¶ 53.) Northeast further alleged that, in installing the Pipeline, it relied on PennDOT's determination that Northeast satisfied all criteria necessary for the issuance of the HOP "and was, in fact, providing a public utility service pursuant to 67 Pa. Code § 459.3(b)(2)." *Id.* ¶ 58; *see also id.* ¶ 71. In its promissory estoppel cross-claim, Northeast alleges that it confirmed with PennDOT that Northeast qualified as a "[Section 459.3](b)(2)[2] applicant under 67 Pa. Code § 459.3" and that PennDOT issued HOPs on October 20, 2018, and October 21, 2019, to authorize Northeast's construction of the Pipeline subject to certain conditions. *Id.* ¶¶ 74-76. After completion of the construction work, PennDOT acknowledged that all work was performed in compliance with the permit conditions and PennDOT's regulations. *Id.* ¶ 77. Northeast alleges that its reliance on PennDOT's representations in this regard make PennDOT jointly and severally liable for any damages to which Gas House might be entitled. *Id.* ¶ 81.

PennDOT answered Northeast's cross-claim on July 21, 2021, and admitted that (1) it agreed that Northeast qualified as a "[Section 459.3](b)(2)" applicant under 67 Pa. Code § 459.3; (2) it issued HOPs to Northeast; (3) it acknowledged that all work performed pursuant to the HOPs was completed; and (4) construction and installation of the Pipeline qualifies as a "public purpose." (PennDOT Answer to Cross-Claim ¶¶ 74-78.)

---

[2] 67 Pa. Code § 459.3(b)(2).

4

On July 21, 2021, PennDOT filed POs to the complaint alleging, *inter alia*,[3] that Gas House's ejectment and declaratory judgment claims must be dismissed because they fall within the exclusive original jurisdiction of this Court. Specifically, PennDOT argued that the ejectment claim is within our original jurisdiction because, therein, Gas House seeks an order compelling PennDOT to restore to Gas House full possession of the Property, which PennDOT construed as an equitable remedy. (Common Pleas POs ¶¶ 13-15.) PennDOT further argued that Northeast's declaratory judgment claim is within our jurisdiction because, pursuant to 42 Pa. C.S. § 761(a)(1), we have exclusive jurisdiction over declaratory judgment actions against Commonwealth agencies. *Id.* ¶¶ 17-19. Gas House answered PennDOT's POs arguing, in part, that its ejectment claim "constitutes a legal remedy, not an equitable cause of action." (Petitioner's Answer to POs ¶ 15.)

By order filed December 16, 2021, common pleas sustained PennDOT's jurisdictional POs[4] because it concluded that "jurisdiction of this matter lies with the Commonwealth Court." (Common Pleas Order, 12/16/21). Based on a joint request of counsel, common pleas issued a second order on January 18, 2022, amending its December 16, 2021 order to direct that (1) the case be transferred to this Court pursuant to 42 Pa. C.S. § 5103(a);[5] and (2) PennDOT's PO raising failure to exhaust administrative remedies be dismissed as moot. (Common Pleas Order, 1/18/22.)

---

[3] PennDOT also objected to the complaint on the grounds that Gas House (1) failed to provide to PennDOT the notice required by Section 5522(a)(1) of the Judicial Code, 42 Pa. C.S. § 5522(a)(1), and (2) failed to exhaust the administrative remedies available through intervention in the HOP proceedings before PennDOT. (Common Pleas POs ¶¶ 1-11.)

[4] Common pleas deemed PennDOT's first PO, which challenged Gas House's failure to provide the notice required by 42 Pa. C.S. § 5522(a)(1), to be withdrawn. *See* Common Pleas Order, 12/16/21, ¶ 1.

[5] Section 5103(a) provides, in pertinent part, as follows:

**(Footnote continued on next page…)**

On March 21, 2022, PennDOT filed the instant POs to the PFR, in which it again argues that (1) the PFR should be dismissed because Gas House failed to provide adequate notice to PennDOT pursuant to 42 Pa. C.S. § 5522(a)(1); (2) Gas House failed to exhaust the administrative remedies available in the HOP application process; and (3) this Court lacks subject matter jurisdiction over Counts III and IV[6] of the PFR because cases involving the title to, or interest in, lands occupied by the Commonwealth must be brought before the Board of Property. (Commonwealth Court POs ¶¶ 1-13.)

## II.    DISCUSSION

Pennsylvania Rule of Appellate Procedure 1516(b) authorizes the filing of preliminary objections to a petition for review filed in our original jurisdiction. *See* Pa.R.A.P. 1516(b).

> In ruling on preliminary objections, [this Court] must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa. C.S. § 5103(a).

[6] Although PennDOT, in its POs, purports to challenge Counts I, II, and IV of the PFR on this ground, *see* POs ¶ 12, it clarifies in its brief that it is challenging Gas House's ejectment and declaratory judgment counts, which are Counts III and IV of the PFR. (PennDOT Br. at 8-9.)

6

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "Courts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Foxe v. Pennsylvania Department of Corrections*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (quoting *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)).

### A. PO 1 – Notice Under Section 5522(a)(1) of the Judicial Code

PennDOT first argues that the PFR must be dismissed because Gas House has not alleged that it provided notice of its claims to PennDOT within six months of the date of its alleged injury pursuant to Section 5522(a)(1) of the Judicial Code, 42 Pa. C.S. § 5522(a)(1).[7] Section 5522(a)(1), (2) provides, in pertinent part, as follows:

> **(a) Notice prerequisite to action against government unit.--**
>
> (1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for

---

[7] The failure of a petitioner to give adequate notice under Section 5522(a) provides a government unit with an affirmative defense to recovery, and the issue ordinarily must first be raised by the government unit as an affirmative defense in new matter. *See Thomas v. City of Philadelphia*, 861 A.2d 1023, 1027 n.8 (Pa. Cmwlth. 2004). Here, PennDOT raises this issue by way of PO, which technically is improper. However, Gas House has not objected to our disposition of the issue via PO, and we are able to do so based on the facts alleged in the PFR. We accordingly will decide the issue in this procedural posture.

7

damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

42 Pa. C.S. § 5522(a)(1), (2).

On its face, Section 5522(a)(1) applies only to civil actions against government units "for damages on account of any injury to [a petitioner's] person or property." 42 Pa. C.S. § 5522(a)(1). *See also Glencannon Homes Association, Inc. v. North Strabane Township*, 116 A.3d 706, 715 (Pa. Cmwlth. 2015). Although Counts I and II of the PFR assert claims for trespass and unjust enrichment and seek damages, those claims are asserted against Northeast only. Gas House's claims against PennDOT in Counts III and IV sound in ejectment and declaratory judgment and do not seek damages.[8]

---

[8] Although Count IV of the PFR includes a concluding and generic request for judgment "awarding [Gas House] damages, interest as provided by law, attorney[s'] fees as provided by law, [and] costs of suit as provided by law," we do not read that request as an attempt by Gas House to recover damages in its declaratory judgment action against PennDOT. (PFR Wherefore clause p. 12.)

Accordingly, the notice requirements of Section 5522(a) do not apply to those claims, and any failure by Gas House to provide such notice to PennDOT cannot serve as a basis for dismissing the PFR. Accordingly, this PO is overruled.

### B.     Failure to Exhaust Administrative Remedies

PennDOT argues secondly that, to the extent that Gas House's claims relate to PennDOT's issuance of a HOP to Northeast, the claims are barred because Gas House did not seek to intervene in the HOP application process.

Quite simply, this objection is based on a host of facts outside the record and not pleaded in the PFR. The PFR does not contain any information regarding the HOP application process followed here, the record created before PennDOT during that process, the HOPs actually issued, the notice given, if any, to Gas House during the process, and more. Although Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 1028(a)(7) authorizes the filing of a preliminary objection based on a failure to exhaust administrative remedies, the note to Pa.R.Civ.P. 1028(c)(2) indicates that such a preliminary objection cannot be determined from the facts of record. Pa.R.Civ.P. 1028(c)(2), Note. Where outstanding issues of fact remain, the Court is to consider relevant evidence "by depositions or otherwise." Pa.R.Civ.P. 10289(c)(2). PennDOT has not provided such evidence to the Court, and we therefore cannot determine whether, or to what extent, any administrative remedies available to Gas House were or should have been exhausted. *See Minor v. Kraynak*, 155 A.3d 114, 124-26 (Pa. Cmwlth. 2017). We accordingly overrule this PO.[9]

### C.     Subject Matter Jurisdiction – Board of Property

PennDOT lastly argues that Gas House's PFR must be dismissed for lack of subject matter jurisdiction in this Court. PennDOT contends that, because Gas House (1)

---

[9] We do not determine herein the availability of this defense to PennDOT at a later stage of these proceedings.

seeks a "declaratory judgment that it is the owner of the [P]roperty where the [P]ipeline in question has been placed" and (2) requests that Northeast and PennDOT "be ejected from the Property," the Board of Property has exclusive jurisdiction over Gas House's claims pursuant to Section 1207 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 337. (PennDOT Br. at 8-9.) In response, Gas House argues that it is not disputing title to, or claiming any interest in, PennDOT's surface interests along Route 29, and, therefore, the Board of Property does not have jurisdiction. (Gas House Br. at 10.) Gas House further argues that PennDOT should be equitably estopped from arguing that this Court lacks subject matter jurisdiction because PennDOT argued the exact opposite position in common pleas, which ultimately precipitated the transfer of the case to this Court. *Id.*

Section 1207 provides, in pertinent part, that the Board of Property "shall . . . have jurisdiction to hear and determine cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth." 71 P.S. § 337. *See also Krulac v. Pennsylvania Game Commission*, 702 A.2d 621, 623 (Pa. Cmwlth. 1997) (Section 1207 "vests in the Board of Property exclusive original jurisdiction over any claims involving title to land occupied or claimed by the Commonwealth, such as claims in quiet title") (emphasis removed); *Delaware Avenue, LLC v. Department of Conservation and Natural Resources*, 997 A.2d 1231, 1232 n.1 (Pa. Cmwlth. 2010) (Section 1207 "vests in the Board of Property exclusive jurisdiction to determine the title to real estate or to remove a cloud on title to such real estate where private property owners and the Commonwealth claim an interest in the same real estate") (citation omitted). Additionally, where ejectment actions involve a determination of title to land claimed or occupied by the Commonwealth, the Board of Property has exclusive jurisdiction. *Id.* Where a dispute does not involve title to, or

10

interest in, a property claimed by the Commonwealth, the Board of Property does not have jurisdiction. *Mahanoy Township Authority v. Pennsylvania Game Commission*, 838 A.2d 839, 842 (Pa. Cmwlth. 2003).

Here, although at first blush the PFR appears to assert claims that challenge PennDOT's ownership and possession of a right-of-way abutting Route 29, Gas House acknowledges in its brief that it is not challenging either PennDOT's interest in its right-of-way or the validity of the HOP issued to Northeast. (Gas House Br. at 6, 10.) Rather, in its ejectment and declaratory judgment claims, Gas House seeks to remove the Pipeline's encroachments from *Gas House's* property only, which does not affect PennDOT's right-of-way. *See id.* at 6 ("[Petitioner] does not dispute the validity of the [HOP] on the surface of and adjacent to its Property, but rather avers that PennDOT could not authorize or permit [ ] Northeast to use or encroach upon [Gas House's] real property in a manner contrary to, inconsistent with, or outside the parameters of[,] PennDOT's authority."); *see also id.* at 10 ("Plaintiff does not dispute PennDOT's surface rights."). Thus, because Gas House's claims do not involve or dispute the title to PennDOT's right-of-way, the Board of Property's jurisdiction is not implicated here. Accordingly, this PO also is overruled.

### III.   CONCLUSION

Because we conclude that all of PennDOT's POs lack merit, we overrule them in their entirety.[10]

_____
PATRICIA A. McCULLOUGH, Judge

---

[10] We do not decide whether, or to what extent, any of the defenses raised by PennDOT in these POs might be available to it at a later stage of these proceedings, whether by way of summary relief or otherwise. Nor have we addressed herein the propriety of common pleas' transfer of this matter on jurisdictional grounds. The parties did not appeal that decision, and it is not challenged in these POs. Nevertheless, we reserve for another day the question of whether, after the disposition of Gas House's claims against PennDOT, the transfer of its tort- and contract-based claims back to common pleas might be appropriate.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gas House Gang, LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 716 M.D. 2019 |
| | : | |
| Northeast Marcellus Aqua | : | |
| Midstream I, LLC and | : | |
| Pennsylvania Department of | : | |
| Transportation, | : | |
| Respondents | : | |

## ***ORDER***

AND NOW, this 17th day of November, 2023, it is ORDERED that the preliminary objections filed by Respondent Pennsylvania Department of Transportation are hereby OVERRULED.

_____
PATRICIA A. McCULLOUGH, Judge